UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AK STEEL HOLDING CORPORATION, et al., <br><br> Defendants. | Lead Case No. C-1-00-320 <br> (Consolidated with No. C-1-00-349) <br> (Judge Herman J. Weber) <br><br> CLASS ACTION |

## MEMORANDUM OF LAW IN SUPPORT OF
## WILLIAM F. GRUENKE'S MOTION TO INTERVENE IN THIS ACTION

STRAUSS & TROY
Richard S. Wayne (0022390)
*(rswayne@strausstroy.com)*
William K. Flynn (0029536)
*(wkflynn@strausstroy.com)*
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
(513) 621-2120 – telephone
(513) 629-9426 – facsimile

*Liaison Counsel*

MILBERG WEISS BERSHAD HYNES
  & LERACH LLP
William S. Lerach
Helen J. Hodges
Edward P. Dietrich
Scott H. Saham
Tricia L. McCormick
401 B Street, Suite 1700
San Diego, CA 92101
(619) 231-1058 – telephone
(619) 231-7423 – facsimile

*Lead Counsel for Plaintiffs*

## I. INTRODUCTION AND BACKGROUND

William F. Gruenke ("movant") hereby submits the following memorandum of law in support of his motion to intervene in the above-captioned action pursuant to Rule 24 of the Federal Rules of Civil Procedure. On September 18, 2003, this Court denied class certification without prejudice on the sole ground that the proffered class representative was unable to adequately represent the class. In the Court's order denying class certification, the Court specifically gave plaintiffs 30 days during which "to proffer new representatives for the class and subclass" and stated that plaintiffs would be allowed to resubmit their motion for class certification upon the proffering of new class and subclass representatives. Order at 26. Consequently, movant now seeks to intervene in this action in order to be considered as a proposed class representative on behalf of the proposed class.

## II. MOVANT SHOULD BE ALLOWED TO INTERVENE

Rule 24(a) permits a person to intervene in an action, upon "timely application," when (1) a statute of the United States confers an unconditional right to intervene; or (2) the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest. The Sixth Circuit interprets "Rule 24(a) as establishing four elements: ... '(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (citation omitted). Each of these elements is satisfied here.

First, movant's motion to intervene is timely. In this Court's September 18, 2003 Order denying class certification without prejudice, the Court gave plaintiffs 30 days in which to proffer new proposed class representatives. This motion is filed within the timeframe described by the Court.

Second, movant has a substantial interest in the case, having suffered losses in connection with his acquisition of AK Steel stock during the Class Period. Movant exchanged 200 shares of Armco stock for AK Steel stock pursuant to the merger of Armco and AK Steel. Movant's PSLRA certification is attached hereto as Exhibit 1. As a result, movant has a significant interest in this securities class action which alleges that defendants artificially inflated the price of AK Steel stock during the Class Period. Movant, like others who acquired AK Steel stock in the open market or exchanged Armco shares for AK Steel stock pursuant to the merger, suffered losses as a result of the actions described in the Consolidated Complaint for Violations of the Federal Securities Laws previously filed in this case.

Finally, without intervention, movant will not be able to adequately protect his interest or the interests of the other class members. Indeed, class certification of this action depends upon the intervention of other class members because the Court found the original proposed class representative inadequate to represent the interests of the class, and thus the movant's interests. Thus, movant should be able to intervene here in order to properly represent his interests, as well as those of the rest of the proposed class. *See* Fed.R.Civ.P. 24 Advisory Committee Notes, 1966 Amendments ("a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court"); *see also Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) ("We do rule that it was error to deny the motion for class certification on the ground that the named plaintiff was an

inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well."); *Alidina v. Penton Media, Inc.*, 143 F. Supp. 2d 363, 365-67 (S.D.N.Y. 2001) (certifying a class in a securities action where intervener, despite belated appearance in action, was proper class representative who would fairly and adequately protect interests of proposed class).

### III. CONCLUSION

For the foregoing reasons, movant William F. Gruenke respectfully requests that his motion to intervene be granted.

Dated: October 17, 2003

Respectfully submitted,

STRAUSS & TROY

/s/
_____
Richard S. Wayne (0022390)
*(rswayne@strausstroy.com)*
William K. Flynn (0029536)
*(wkflynn@strausstroy.com)*
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH  45202-4018
(513) 621-2120 – telephone
(513) 629-9426 – facsimile

MILBERG WEISS BERSHAD HYNES
  & LERACH LLP
William S. Lerach
Helen J. Hodges
Edward P. Dietrich
Scott H. Saham
Tricia L. McCormick
401 B Street, Suite 1700
San Diego, CA  92101
(619) 231-1058 – telephone
(619) 231-7423 – facsimile

*Lead Counsel for Plaintiffs*

45688.855. 413058.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Memorandum of Law in Support of William F. Gruenke's Motion to Intervene in this Action was served via electronic notification and by ordinary United States mail, first class postage prepaid, upon Adam Hall, Esq. (ahall@fbtlaw.com), FROST TODD BROWN, LLC, 2500 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202, this 17th day of October, 2003.

/s/
Richard S. Wayne (0022390)

45688.855.413058.1