UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) | Lead Case No. C-1-00-320 (Consolidated with No. C-1-00-349) |
| | ) | |
| Plaintiffs, | ) | Judge Herman J. Weber |
| | ) | |
| vs. | ) | |
| | ) | |
| AK STEEL HOLDING CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

STIPULATION OF SETTLEMENT

STRAUSS & TROY
RICHARD S. WAYNE (0022390)
WILLIAM K. FLYNN (0029536)
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone:  513/621-2120

Liaison Counsel

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
EDWARD P. DIETRICH
SCOTT H. SAHAM
TRICIA L. McCORMICK
401 B Street, Suite 1700
San Diego, CA  92101
Telephone: 619/231-1058

Lead Counsel for Plaintiffs

This Stipulation of Settlement dated as of March 26, 2004 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined in Section IV) to the above-entitled Litigation (as defined in Section I): (i) the Representative Plaintiff (as defined in Section IV) (on behalf of himself and each of the Class Members), by and through his counsel of record in the Litigation; and (ii) the Defendants (as defined in Section IV), by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in Section IV), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

On or after April 19, 2000, the following actions were filed in the United States District Court for the Southern District of Ohio, Western Division (the "Court"): (1) *Fidel v. AK Steel Holding Corp., et al.*, Civil Action No. C-1-00-320; and (2) *Shams v. AK Steel Holding Corp., et al.*, Civil Action No. C-1-00-349 (collectively, the "Litigation").

On June 14, 2000 the Court consolidated the two cases under the lead case *Fidel, et al. v. AK Steel Holding Corp., et al.,* and administratively terminated the *Shams v. AK Steel Holding Corp., et al.* action from the active docket of the Court.  Thereafter the Court appointed Bernard Fidel and Ironwood Capital Management as Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 and approved the selection of Milberg Weiss Bershad Hynes & Lerach LLP as Lead Counsel and Strauss & Troy as Liaison Counsel.

The operative complaint is the Consolidated Amended Complaint for Violation of the Federal Securities Laws (the "Complaint").

## II.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Representative Plaintiff in the Litigation.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the

conduct, statements, acts, or omissions alleged, or that could have been alleged, including Unknown Claims (as defined in Section IV) in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Representative Plaintiff and the Class have suffered damage, that the price of AK Steel (as defined in Section IV) common stock was artificially inflated by reasons of any alleged misrepresentation, omission or other act by Defendants, or that the Representative Plaintiff or the Class were harmed by the conduct alleged in the Complaint. Defendants have further asserted and continue to assert that at all relevant times they acted in good faith and in a manner they reasonably believed to be in the best interests of AK Steel (as defined in Section IV) and its shareholders. The officers and directors of Armco also assert that at all times they acted in good faith and in the best interests of Armco and its shareholders until Armco was officially merged with AK Steel.

Nonetheless, the Defendants have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel and Representative Plaintiff believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Counsel and Representative Plaintiff also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel and Representative Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the federal

securities law claims asserted in the Litigation.  Lead Counsel and Representative Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Counsel and Representative Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Representative Plaintiff and the Class.

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Representative Plaintiff (for himself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, and, if the Stipulation is approved by the Court, the Litigation will be dismissed with prejudice, with each party to bear its own costs.  The Settling Parties agree, for purposes of this settlement only, to the certification of the Class (defined below) and appointment of William F. Gruenke as class representative under Rule 23 of the Federal Rules of Civil Procedure.

### 1.     Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3     "Claims Administrator" means Gilardi & Co. LLC.

1.4     "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of AK Steel during the period from July 15, 1999 through January 25, 2000 (including all Persons who held Armco Inc. shares as of August 25, 1999 and were thereby entitled

to vote to approve the merger with AK Steel). Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, representatives, heirs, controlling persons, successors, and predecessors-in-interest or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the Class.

1.5     "Class Period" means the period commencing on July 15, 1999 through and including January 25, 2000.

1.6     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 of the Stipulation.

1.7     "Defendants" means AK Steel Holding Corporation ("AK Steel"), Armco Inc. ("Armco"), Richard M. Wardrop, Jr., James F. Will, James L. Wareham, James L. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang, and James A. Thomson.

1.8     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9     "Escrow Agent" means the law firm of Milberg Weiss Bershad Hynes & Lerach LLP or its successor(s).

1.10     "Final" means when the last of the following with respect to the Judgment shall occur: (i) the date on which the time to file a motion to alter or amend the Judgment has passed without any such motion having been made; (ii) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; (iii) the date of final dismissal of any appeal from the Judgment or the final

dismissal of any proceeding on certiorari to review the Judgment; or (iv) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation substantially in the form of Exhibit B hereto. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.11    "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

1.12    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13    "Person" means an individual, natural person, corporation, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.14    "Plaintiffs' Settlement Counsel" or "Lead Counsel" mean Milberg Weiss Bershad Hynes & Lerach LLP, Helen J. Hodges, Jeffrey D. Light, 401 B Street, Suite 1700, San Diego, California, 92101, Telephone (619) 231-1058.

1.15    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.16    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, including, without limitation, National Union, co-insurers, reinsurers, syndicate members, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

1.17    "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined in ¶1.23 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by Representative Plaintiff or any Class Member against the Released Persons arising out of, based upon or related to (1) the purchase or acquisition of AK Steel common stock by any Class Member during the Class Period; and/or (2) the ownership of Armco shares as of August 25, 1999 and the entitlement to vote to approve the merger with AK Steel; and (3) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, could or might have been alleged in the Litigation.

1.18    "Released Persons" means each and all of the Defendants and their Related Parties.

1.19    "Representative Plaintiff" means William F. Gruenke.

1.20    "Representative Plaintiff's Counsel" means counsel who have appeared for any Representative Plaintiff, any Class Member or the Class in the Litigation.

1.21    "Settlement Fund" means the principal amount of Four Million Dollars ($4,000,000) caused to be paid by Defendants pursuant to ¶2.1 of the Stipulation and delivered to the Escrow Agent, plus any accrued interest.  The Escrow Agent shall invest the money received and all interest accrued shall be for the benefit of the Settlement Fund pursuant to ¶2.2.

1.22    "Settling Parties" means, collectively, each of the Defendants and the Representative Plaintiff on behalf of himself and the Members of the Class.

1.23    "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code §1542.  The Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each

Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2.     The Settlement

#### a.     The Settlement Fund

2.1     The principal amount of $4,000,000 in cash plus all interest earned shall constitute the Settlement Fund.  The Settlement Fund was transferred to the Escrow Agent on or before February 17, 2004.

#### b.     The Escrow Agent

2.2     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 above in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants and Plaintiffs' Settlement Counsel.

2.4    Subject to further orders and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Within ten (10) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1, and preliminary approval of the settlement, the Escrow Agent shall establish a "Class Notice and Administration Fund," and may deposit up to $100,000 from the Settlement Fund in it.  The Class Notice and Administration Fund shall be used by Plaintiffs' Settlement Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any.  The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation.  Any unused portion of the Class Notice and Administration Fund shall be returned to the Settlement Fund.

### c.    Taxes

2.7    (a)    Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the

Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a)) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants, the Insurer and all other Related Parties, or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants, the Insurer and all other Related Parties, and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses or the filing of any tax returns or other document with the IRS or any other state or local taxing authority.  The Escrow Agent shall indemnify and hold each of the Defendants, the Insurer and all other Related Parties, and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants, nor the Insurer and all other Related Parties, nor their counsel are responsible nor shall they have any liability therefor or for any reporting requirements that may relate thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)    For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

### d.    Termination of Settlement

2.8    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) and the amount remaining in the Class Notice and Administration Fund (including accrued interest, if any) less expenses actually incurred or due and owing in connection with the settlement provided for herein, shall be refunded to the Insurer as described in ¶7.5 below.

### 3.    Notice Order and Settlement Hearing

3.1    Promptly after execution of the Stipulation, Plaintiffs' Settlement Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, inter alia, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a

- 11 -

settlement notice ("Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 below and the date of the Settlement Hearing as defined below. The parties agree that they will cooperate to provide notice to all Class Members who an be identified with reasonable effort.

3.2     Plaintiffs' Settlement Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiffs' Settlement Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## 4.    Releases

4.1     Upon the Effective Date, as defined in ¶1.8, the Representative Plaintiff and each Member of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and all of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 hereto. All Class Members shall be bound by the releases set forth in this Stipulation whether or not they submit a valid and timely Proof of Claim and Release. Only those Class Members filing valid Proof of Claim and Release forms shall be entitled to participate in the settlement and receive a distribution from the settlement.

4.3     Upon the Effective Date, as defined in ¶1.8, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

relinquished and discharged each and all of the Class Members and Representative Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

### 5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund

5.1    The Claims Administrator, acting on behalf of the Class, and subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.  This is not a claims made settlement and if all conditions under this Stipulation are satisfied and the settlement receives final approval and is not overturned on appeal or overturned as a result of further proceedings on remand, or successfully collaterally attacked, no portion of the Settlement Fund will be returned to AK Steel or other contributors to the Settlement Fund.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.7 above;

(c)    to pay counsel to Representative Plaintiff attorneys' fees, expenses and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) Plaintiffs' Settlement Counsel shall reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7     The Defendants, the Insurer and all other Related Parties, and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation

of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendants, the Insurer and all other Related Parties, or their counsel with respect to the matters set forth in this paragraph, and the Class Members and Representative Plaintiff's Counsel release Defendants, the Insurer and all other Related Parties, and their counsel from any and all liability arising from or with respect to the investment or distribution of the Settlement Fund.

5.8     No Person shall have any claim against Plaintiffs' Settlement Counsel or any claims administrator, or Defendants, the Insurer and all other Related Parties, or their counsel, based on the distributions made in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further orders of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

### 6.     Representative Plaintiff's Counsel's Attorneys' Fees and Reimbursement of Expenses

6.1     The Representative Plaintiff or Representative Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual expenses and costs, including the fees of any experts or consultants incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees, costs and expenses at the same rate and for the

same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Representative Plaintiff's Counsel reserve the right to make additional applications for fees and expenses incurred to be paid from the Settlement Fund.

6.2     The attorneys' fees, expenses and costs, including the fees of experts and consultants, as awarded by the Court, shall be paid to Plaintiffs' Settlement Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Plaintiffs' Settlement Counsel shall thereafter allocate the attorneys' fees amongst Representative Plaintiff's Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is cancelled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Representative Plaintiff's Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund, the fees, expenses and costs awarded by the Court plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Representative Plaintiff's Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. The provisions of this paragraph shall be a joint and several obligation of all of the Representative Plaintiff's Counsel.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Representative Plaintiff's Counsel for attorneys' fees, costs and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of

the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4    Defendants, the Insurer and all other Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiffs' Settlement Counsel from the Settlement Fund or otherwise.

6.5    Defendants, the Insurer and all other Related Parties shall have no responsibility for, and no liability whatsoever with respect to the allocation among Representative Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

### 7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    Defendants have timely caused their contributions to the Settlement Fund to be made as required by ¶2.1 above;

(b)    the Court has entered the Notice Order, as required by ¶3.1 above;

(c)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto;

(d)    the Judgment has become Final, as defined in ¶1.10 above; and

(e)    Defendants have not exercised the option to terminate the Stipulation and settlement in accordance with the terms of the Supplemental Agreement described in ¶7.2.

7.2     If prior to the Settlement Hearing, Persons who otherwise would be Members of the Class have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Class in accordance with the provisions of the Notice Order and the notice given pursuant thereto, and such Persons in the aggregate purchased a number of common stock during the Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), Defendants, in their sole and absolute discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to counsel for Defendants no later than fourteen (14) days prior to the Settlement Hearing.

7.3     Upon the occurrence of all of the events referenced in ¶7.1 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.4     If one or more of the conditions specified in ¶7.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶7.6 unless Plaintiffs' Settlement Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) days after written notification of such event is sent by counsel for Defendants or Plaintiffs' Settlement Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.6 hereto, or are chargeable to the Class Notice and

Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from counsel to Defendants. At the request of counsel to Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants.

7.6    In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of November 18, 2003. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.23, 2.2-2.8, 7.4-7.8, 8.2-8.3, 8.9-8.14 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Representative Plaintiff or any of his counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.7    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Representative Plaintiff nor Representative Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶7.5 above.

7.8    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any

Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

### 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. While retaining their right to deny that claims advanced in the Litigation were meritorious, Defendants in any statement to any media representative, whether or not for attribution, will not deny that, based upon the publicly available information at the time, the Litigation was filed in good faith and in compliance with Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties agree that in any statement to the media, the Settling Parties will not characterize the prosecution or defense of the Litigation as frivolous or in bad faith. The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8.3    Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to

be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Defendants have denied and continue to deny each and every claim alleged in the Litigation.

8.4     All stipulations made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5     Within thirty (30) business days following the Judgment or other order dismissing the Litigation with prejudice becoming Final, Plaintiffs' Settlement Counsel shall destroy all documents provided by Defendants to plaintiffs in the Litigation and confirm such destruction in writing to counsel for Defendants.

8.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest and approval by the Court.

8.8     This Stipulation and the Exhibits hereto and the Supplemental Agreement constitute the entire Stipulation among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits, other than the

representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

8.9    Plaintiffs' Settlement Counsel, on behalf of the Class, are expressly authorized by the Representative Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.14    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of March 26, 2004.

STRAUSS & TROY
RICHARD S. WAYNE (0022390)
WILLIAM K. FLYNN (0029536)

_____
RICHARD S. WAYNE

Federal Reserve Building
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone:  513/621-2120

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
EDWARD P. DIETRICH
JEFFREY D. LIGHT
SCOTT H. SAHAM
TRICIA L. McCORMICK

_____
JEFFREY D. LIGHT

401 B Street, Suite 1700
San Diego, CA  92101
Telephone: 619/231-1058

Lead Counsel for Plaintiffs

WEIL, GOTSHAL & MANGES
JOSEPH S. ALLERHAND
JOHN A. NEUWIRTH

_____
JOHN A. NEUWIRTH

767 Fifth Avenue
New York, NY 10153-0119
Telephone: 212/310-8000
212/310-8007 (fax)

Counsel for all Defendants Except James F. Will

JANIK & DORMAN LLP
ANDREW J. DORMAN - 0063410
BRIAN T. MCELROY – 0073930


_____
                    BRIAN T. MCELROY

9200 South Hill Boulevard, Suite 300
Cleveland, OH 44147-3521
Telephone: 440/838-7600
440-838/7601 (fax)
email: brian.mcelroy@janiklaw.com

Counsel for James F. Will

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\Stipulation.doc