UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AK STEEL HOLDING CORPORATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Lead Case No. C-1-00-320<br>(Consolidated with No. C-1-00-349)<br><br>Judge Herman J. Weber |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING

FOR NOTICE

STRAUSS & TROY
RICHARD S. WAYNE (0022390)
WILLIAM K. FLYNN (0029536)
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
Telephone: 513/621-2120

Liaison Counsel

MILBERG WEISS BERSHAD
   HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
EDWARD P. DIETRICH
JEFFREY D. LIGHT
SCOTT H. SAHAM
TRICIA L. McCORMICK
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058

Lead Counsel for Plaintiffs

WHEREAS, a class action is pending before the Court entitled *Fidel, et al. v. AK Steel Holding Corp., et al.*, Lead Case No. C-1-00-320 (consolidated with No. C-1-00-349);

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 26, 2004 (the "Stipulation"), that has been entered into by the Representative Plaintiff and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a class for settlement purposes only to consist of all Persons who purchased or otherwise acquired the common stock of AK Steel Holding Corp. ("AK Steel") during the period from July 15, 1999 through January 25, 2000 (including all Persons who held Armco Inc. shares as of August 25, 1999 and were thereby entitled to vote to approve the merger with AK Steel). Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, representatives, heirs, controlling persons, successors, and predecessors-in-interest or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the Class.

3.       The Court finds, for the sole purpose of this settlement, that the Class defined herein satisfies the prerequisites for a class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

4.       A hearing (the "Settlement Hearing") shall be held before this Court on July 9, 2004, at 9:00 a.m., at the Potter Stewart U.S. Courthouse, Room 801, 100 East Fifth Street, Cincinnati, Ohio 45202, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Representative Plaintiff's Counsel.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5.       The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.       Plaintiffs' Settlement Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

(a)      Not later than April 26, 2004 (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than May 6, 2004, Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least fourteen (14) days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased or otherwise acquired the common stock of AK Steel during the period beginning July 15, 1999 through January 25, 2000, inclusive or who held Armco Inc. shares as of August 25, 1999 and were thereby entitled to vote to approve the merger with AK Steel, shall send the Notice and the Proof of Claim to all beneficial owners of such stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. Any Person falling within the definition of the Class may, upon request, be excluded from the settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than June 4, 2004. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases, acquisitions and sales of AK Steel's common stock made during the Class Period, including the dates, the number of shares and the price paid or received per share for each such purchase, acquisition or sale; and (3) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

9. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but the claims of such Class Members shall nonetheless be barred by entry of the Judgment.

11. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

12. Pending resolution of these settlement proceedings, no other action now pending or hereafter filed arising out of all or any part of the subject matter of the Litigation shall be maintained as a class action, and except as provided by this or further order of the Court, for good cause shown, all Class Members are hereby enjoined during the pendency of these settlement proceedings from filing or prosecuting purported class actions against any Person with respect to any of the Released Claims.

13. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Representative Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Representative Plaintiff, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before June

28, 2004, by the following: Helen J. Hodges, Jeffrey D. Light, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California, 92101, Joseph S. Allerhand, John A. Neuwirth, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 and Brian T. McElroy, Janik & Dorman LLP, 9200 South Hill Boulevard, Suite 300, Cleveland, Ohio 44147. Said objections, papers and briefs shall also be filed with the Clerk of the United States District Court for the Southern District of Ohio, Western Division, on or before June 28, 2004. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the Representative Plaintiff, unless otherwise ordered by the Court.

14.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or counsel to the Representative Plaintiff shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.     All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Representative Plaintiff for attorneys' fees or reimbursement of expenses shall be filed and served by seven (7) calendar days prior to the Settlement Hearing.

17.     Neither Defendants, nor the Insurer and all other Related Parties, nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Representative Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

18.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

19.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. Except as provided in ¶¶2.6, 2.8 and 7.5 of the Stipulation, in the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiff nor any of his counsel shall have any obligation to repay the reasonable and actual costs of class notice and of administration.

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:     3/30/04

S/HERMAN J. WEBER

THE HONORABLE HERMAN J. WEBER

SENIOR UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\maurydh.000\Local Settings\Temp\notes721D2D\AK Steel Order.wpd