UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) Plaintiffs, ) ) vs. ) ) AK STEEL HOLDING CORPORATION, et al., ) ) ) Defendants. ) ) ) | Lead Case No. C-1-00-320 (Consolidated with No. C-1-00-349) Judge Herman J. Weber |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

| | |
|---|---|
| STRAUSS & TROY<br>RICHARD S. WAYNE (0022390)<br>WILLIAM K. FLYNN (0029536)<br>Federal Reserve Building<br>150 East Fourth Street<br>Cincinnati, OH  45202-4018<br>Telephone:  513/621-2120<br><br>Liaison Counsel | MILBERG WEISS BERSHAD<br>  HYNES & LERACH LLP<br>WILLIAM S. LERACH<br>HELEN J. HODGES<br>EDWARD P. DIETRICH<br>JEFFREY D. LIGHT<br>SCOTT H. SAHAM<br>TRICIA L. McCORMICK<br>401 B Street, Suite 1700<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br><br>Lead Counsel for Plaintiffs |

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AK STEEL HOLDING CORP. ("AK STEEL") DURING THE PERIOD FROM JULY 15, 1999 THROUGH JANUARY 25, 2000 (INCLUDING ALL PERSONS WHO HELD ARMCO INC. SHARES AS OF AUGUST 25, 1999 AND WERE THEREBY ENTITLED TO VOTE TO APPROVE THE MERGER WITH AK STEEL)

**I.    GENERAL INSTRUCTIONS**

1. To recover as a Member of the Class based on your claims in the action entitled *Fidel, et al. v. AK Steel Holding Corp., et al.*, Lead Case No. C-1-00-320 (consolidated with C-1-00-349) you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3. **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE             , 2004, ADDRESSED AS FOLLOWS**:

> *AK Steel Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action), DO NOT submit a Proof of Claim and Release form.

4. If you are a Member of the Class and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**II.  DEFINITIONS**

1. "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of AK Steel during the period from July 15, 1999 through January 25, 2000 (including all Persons who held Armco Inc. shares as of August 25, 1999 and were thereby entitled to vote to approve the merger with AK Steel).  Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, representatives, heirs, controlling persons, successors, and predecessors-in-interest or assigns of any such excluded Person.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action enclosed.

2. "Class Period" means the period commencing on July 15, 1999 through and including January 25, 2000.

3. "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth above.

4. "Defendants" means AK Steel Holding Corporation ("AK Steel"), Armco Inc. ("Armco"), Richard M. Wardrop, Jr., James F. Will, James L. Wareham, James L. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang, and James A. Thomson.

5. "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

6. "Person" means an individual, natural person, corporation, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any

business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

7.  "Released Persons" means each and all of the Defendants and their Related Parties, as defined in Section VI.1 herein.

### III. CLAIMANT IDENTIFICATION

1.  If you purchased or otherwise acquired AK Steel common stock during the Class Period or held Armco shares as of August 25, 1999 and were entitled to vote to approve the merger with AK Steel and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired AK Steel common stock during the Class Period or held Armco shares as of August 25, 1999 and were entitled to vote to approve the merger with AK Steel and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.  Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of AK Steel common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE AK STEEL COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.  All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner

may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.   Use Part II of this form entitled "Schedule of Transactions in AK Steel Common Stock and Armco Inc." to supply all required details of your transaction(s) in AK Steel and Armco common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.   On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of AK Steel common stock which took place at any time beginning July 15, 1999 through and including January 25, 2000, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.   List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.   The term "Purchase Price" means the amount paid for the securities (including commissions and transfer taxes) and the term "Sales Price" means the amount realized on the sale of the securities (net of commissions and transfer taxes).  The date of the purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

5.   Broker confirmations or other documentation of your transactions in AK Steel common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

*Fidel, et al. v. AK Steel Holding Corp., et al.*
Lead Case No. C-1-00-320 (Consolidated with No. C-1-00-349)

PROOF OF CLAIM

Must be Postmarked No Later Than:
_____, 2004

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                                  State or Province

_____        _____
Zip Code or Postal Code                                  Country

                                                                        _____  Individual
_____
Social Security Number or                            _____  Corporation/Other
Taxpayer Identification Number

_____      _____
Area Code         Telephone Number (work)

_____      _____
Area Code         Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II: SCHEDULE OF TRANSACTIONS IN AK STEEL COMMON STOCK AND ARMCO INC.

    A. Number of shares of AK Steel common stock held at the beginning of trading on July 15, 1999: _____

    B. Number of shares of Armco Inc. held on August 25, 1999: _____

    C. Purchases or Acquisitions (July 15, 1999 – January 25, 2000, inclusive) of AK Steel common stock:

| Trade Date<br>Month Day Year | Number of Shares Purchased or Acquired | Total Purchase Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    D. Sales (July 15, 1999 – January 25, 2000, inclusive) of AK Steel common stock:

| Trade Date<br>Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |

    E. Number of AK Steel shares held at close of trading on January 25, 2000: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ THE RELEASE AND SIGN ON PAGE \_\_\_\_\_.

V.  **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I agree to furnish additional information to support this claim if required to do so.  I have not submitted any other claim covering the same purchases or acquisitions of AK Steel common stock during the Class Period or my holding of Armco stock as of August 25, 1999 and know of no other Person having done so on my behalf.

VI.  **RELEASE**

1.  I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants, the Insurer and all other "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, including, without limitation, National Union, co-insurers, reinsurers, syndicate members, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

2.  "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and

description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by Representative Plaintiff or any Class Member against the Released Persons arising out of, based upon or related to (1) the purchase or acquisition of AK Steel common stock by any Class Member during the Class Period; and/or (2) the ownership of Armco shares as of August 25, 1999 and the entitlement to vote to approve the merger with AK Steel; and (3) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, could or might have been alleged in the Litigation.

       3.     "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code §1542. The

Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Party shall expressly, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in AK Steel common stock which occurred during the Class Period as well as the number of shares of AK Steel common stock held by me (us) at the close of trading on January 25, 2000 and the number of shares of Armco held as of August 25, 1999.

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐   Individual/Sole Proprietor
☐   Corporation      ☐   Partnership      ☐   Trust
☐   IRA              ☐   Other            ☐   Pension Plan

Enter TIN on appropriate line.

For individuals, this is your Social Security Number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __ __                    or                    __ __ - __ __ __ __ __ __ __
Social Security Number                                                  Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.   The number shown on this form is my correct TIN; and

2.   I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                                    (Month/Year)

in _____, _____.
        (City)                          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original of stock certificates.

4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

- 11 -

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\Exhibit-A2.doc

- 12 -