UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>AK STEEL HOLDING CORPORATION, et al.,<br><br>                Defendants. | ) Lead Case No. C-1-00-320<br>) (Consolidated with No. C-1-00-349)<br>)<br>) Judge Herman J. Weber<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

| | |
|---|---|
| STRAUSS & TROY<br>RICHARD S. WAYNE (0022390)<br>WILLIAM K. FLYNN (0029536)<br>Federal Reserve Building<br>150 East Fourth Street<br>Cincinnati, OH  45202-4018<br>Telephone:  513/621-2120<br><br>Liaison Counsel | MILBERG WEISS BERSHAD<br>  HYNES & LERACH LLP<br>WILLIAM S. LERACH<br>HELEN J. HODGES<br>EDWARD P. DIETRICH<br>JEFFREY D. LIGHT<br>SCOTT H. SAHAM<br>TRICIA L. McCORMICK<br>401 B Street, Suite 1700<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br><br>Lead Counsel for Plaintiffs |

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AK STEEL HOLDING CORP. ("AK STEEL") DURING THE PERIOD FROM JULY 15, 1999 THROUGH JANUARY 25, 2000 (INCLUDING ALL PERSONS WHO HELD ARMCO INC. SHARES AS OF AUGUST 25, 1999 AND WERE THEREBY ENTITLED TO VOTE TO APPROVE THE MERGER WITH AK STEEL)

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2004.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Ohio, Western Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of this class action litigation, and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and the Litigation.

The proposed settlement creates a fund in the amount of $4,000,000 in cash and will include interest that accrues on the fund prior to distribution (the "Settlement Fund"). Based on Representative Plaintiff's Counsel's estimate of the number of shares entitled to participate in the settlement, and the anticipated number of claims to be submitted by Class Members, the average distribution per share would be approximately $0.08 before deduction of court-approved fees and expenses. However, your actual recovery from this fund will depend on a number of variables including the number of claimants, the number of shares you purchased, the expense of administering the claims process, and the timing of your purchases and sales, if any.

Representative Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Representative Plaintiff was to have prevailed on each claim asserted. The issues on which the parties disagree include (1) the appropriate economic model for determining the amount by which AK Steel common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which AK Steel common stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of AK Steel common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of AK Steel common stock at various times during the Class Period; (5) the extent to which the various matters that Representative Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of AK Steel common stock at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Representative Plaintiff alleged were omitted influenced (if at all) the trading price of AK Steel common stock at various times during the Class Period; and (7) whether the statements allegedly made or facts allegedly omitted were false, material or otherwise actionable under the federal securities laws.

The Representative Plaintiff believes that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants intended to assert that all or most of the losses of Class Members were caused by non-actionable market, industry or general economic factors. Defendants would also assert that they did not make any misleading statement or omit to disclose any material fact required to be disclosed and

that throughout the Class Period the uncertainties and risks associated with AK Steel's business and financial condition were fully and adequately disclosed.

Representative Plaintiff's Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiff and the Members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the settlement is approved by the Court, counsel for the plaintiffs will apply to the Court for attorneys' fees of 25% of the settlement proceeds and reimbursement of out-of-pocket expenses not to exceed $290,000.00 to be paid from the settlement proceeds. If the amount requested by counsel is approved by the Court, the average cost per share would be $0.02. The average cost per share could vary depending on the number of shares for which claims are filed.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.

For further information regarding this settlement you may contact: Rick Nelson, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California, 92101, Telephone (619) 231-1058. Please do not call any representative of AK Steel or the Court.

I.  NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, 2004, at ___ _.m., before the Honorable Herman J. Weber, Senior United States District Judge, at the United States District Court, Southern District of Ohio, Western Division, Potter Stewart U.S. Courthouse, Room 801, 100 East Fifth Street, Cincinnati, Ohio 45202 (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the settlement consisting of $4,000,000 in cash plus accrued interest should be approved as fair, just, reasonable and adequate to Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair,

just, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of AK Steel during the period from July 15, 1999 through January 25, 2000 (including all Persons who held Armco Inc. shares as of August 25, 1999 and were thereby entitled to vote to approve the merger with AK Steel). Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, representatives, heirs, controlling persons, successors, and predecessors-in-interest or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

2.    "Class Period" means the period commencing on July 15, 1999 through and including January 25, 2000.

3.    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth above.

4.    "Defendants" means AK Steel Holding Corporation ("AK Steel"), Armco Inc. ("Armco"), Richard M. Wardrop, Jr., James F. Will, James L. Wareham, James L. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang, and James A. Thomson.

5.    "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

6. "Person" means an individual, natural person, corporation, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

7. "Plaintiffs' Settlement Counsel" or "Lead Counsel" mean Milberg Weiss Bershad Hynes & Lerach LLP, Helen J. Hodges, Jeffrey D. Light, 401 B Street, Suite 1700, San Diego, California, 92101, Telephone (619) 231-1058.

8. "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, including, without limitation, National Union, co-insurers, reinsurers, syndicate members, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

9. "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by Representative Plaintiff or any Class Member against the Released Persons arising out of, based upon or related to (1) the purchase

or acquisition of AK Steel common stock by any Class Member during the Class Period; and/or (2) the ownership of Armco shares as of August 25, 1999 and the entitlement to vote to approve the merger with AK Steel; and (3) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, could or might have been alleged in the Litigation.

10. "Released Persons" means each and all of the Defendants and their Related Parties.

11. "Representative Plaintiff's Counsel" means counsel who have appeared for the Representative Plaintiff, any Class Member or the Class in the Litigation.

12. "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code §1542. The Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but

each Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### III.   THE LITIGATION

On or after April 19, 2000, the following actions were filed in the United States District Court for the Southern District of Ohio, Western Division: *Fidel v. AK Steel Holding Corp., et al.*, Civil Action No. C-1-00-320; and (2) *Shams v. AK Steel Holding Corp., et al.*, Civil Action No. C-1-00-349 (collectively, the "Litigation").

On June 14, 2000 the Court consolidated the two cases under the lead case *Fidel, et al. v. AK Steel Holding Corp., et al.,* and administratively terminated the *Shams v. AK Steel Holding Corp., et al.* action from the active docket of the Court. Thereafter the Court appointed Bernard Fidel and Ironwood Capital Management as Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 and approved the selection of Milberg Weiss Bershad Hynes & Lerach LLP as Lead Counsel and Strauss & Troy as Liaison Counsel.

The operative complaint is the Consolidated Amended Complaint for Violation of the Federal Securities Laws (the "Complaint").

### IV. CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel and Representative Plaintiff believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Counsel and Representative Plaintiff also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel and Representative Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the federal securities law claims asserted in the Litigation. Lead Counsel and Representative Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Counsel and Representative Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Representative Plaintiff and the Class.

### V. DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Representative Plaintiff in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, including Unknown Claims (as defined above), in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Representative Plaintiff and the Class have suffered damage, that the price of AK Steel common stock was artificially inflated by reasons of alleged misrepresentation, omission or other act by Defendants, or that the Representative Plaintiff or the Class were harmed by the conduct alleged in the Complaint. Defendants have further asserted and continue to assert that at all relevant times they acted in good faith and in a manner they reasonably believed to be in

- 8 -

the best interests of AK Steel and its shareholders. The officers and directors of Armco also assert that at all times they acted in the best interests of Armco and its shareholders until Armco was officially merged with AK Steel.

Nonetheless, the Defendants have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

Defendants have paid or caused to be paid into an escrow account, pursuant to the terms of the Stipulation of Settlement dated as of March 26, 2004 (the "Stipulation"), cash in the amount of $4,000,000 which has been earning and will continue to earn interest for the benefit of the Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to counsel for Representative Plaintiff as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim forms.

## VII.    PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in AK Steel common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Settlement Counsel have consulted with their damage experts and the Plan of Allocation reflects an assessment of the damages that could have been recovered as well as Lead Counsel's assessment of the likelihood of establishing liability for various periods during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in AK Steel common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

A claim will be calculated as follows:

1. For shares of AK Steel Holding Corporation common stock that were ***purchased or otherwise acquired between July 15, 1999 through January 25, 2000***, and

   (a) sold prior to January 26, 2000, the claim per share is the difference between the purchase price less the sales price;

   (b) retained at the end of January 25, 2000, the claim per share is the difference between the purchase price less $12.375 (January 26, 2000 closing price).

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in AK Steel common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of shares which have been matched against shares held at the beginning of the Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

### VIII.   ORDER CERTIFYING A CLASS

On _____, 2004, the Court certified a Class (defined above at Section II.1) for settlement purposes only.

### IX.   PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you will be bound by any judgment entered with respect to the settlement in the Litigation whether or not you file a Proof of Claim. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE**. The Proof of Claim and Release

form must be postmarked on or before _____, 2004, and delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

**X.    EXCLUSION FROM THE CLASS**

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Settlement Class to:

> *AK Steel Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases, acquisitions, and sales of AK Steel common stock made during the Class Period, including the dates of each purchase, acquisition, or sale and the number of shares of AK Steel common stock purchased, acquired or sold and the price paid or received per share for each purchase or sale; and (3) that you wish to be excluded from the Class. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2004. If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

**XI.    DISMISSAL AND RELEASES**

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Judgment will provide that all Class Members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Class have such claims) against all Released Persons.

## XII.  APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 25% of the Settlement Fund, plus reimbursement of the expenses not to exceed $290,000.00, which were advanced in connection with the Litigation, plus interest thereon.

To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiff and the Members of the Class, nor have counsel been reimbursed for their out-of-pocket expenses.  The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis.  The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XIII.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of November 18, 2003.

## XIV.  THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who does not validly and timely request to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, the adequacy of representation by Lead Counsel, or the application for attorneys' fees, costs and expenses, may

appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is received on or before _____, 2004, by:

>CLERK OF THE COURT
>UNITED STATES DISTRICT COURT
>SOUTHERN DISTRICT OF OHIO
>WESTERN DIVISION
>Potter Stewart U.S. Courthouse
>100 East Fifth Street
>Cincinnati, OH 45202
>
>MILBERG WEISS BERSHAD
> HYNES & LERACH LLP
>JEFFREY D. LIGHT
>401 B Street
>Suite 1700
>San Diego, CA 92101
>
>*Lead Counsel for Plaintiffs*
>
>WEIL, GOTSHAL & MANGES
>JOSEPH S. ALLERHAND
>JOHN A. NEUWIRTH
>767 Fifth Avenue
>New York, NY 10153-0119
>
>*Counsel for all Defendants Except James F. Will*
>
>JANIK & DORMAN LLP
>BRIAN T. MCELROY
>9200 South Hill Boulevard, Suite 300
>Cleveland, OH 44147-3521
>
>*Counsel for James F. Will*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of AK Steel common stock purchased or acquired and sold during the Class Period, and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

XV.  **SPECIAL NOTICE TO NOMINEES**

If you hold or held any AK Steel common stock purchased or otherwise acquired during the Class Period or held Armco shares as of August 25, 1999 and were thereby entitled to vote to approve the Merger with AK Steel as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *AK Steel Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

XVI.  **EXAMINATION OF PAPERS**

This Notice is a summary and does not describe all of the details of the Stipulation.  For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Southern District of Ohio, Western Division, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202.

If you have any questions about the settlement of the Litigation, you may contact Plaintiffs' Settlement Counsel by writing:

> MILBERG WEISS BERSHAD
>  HYNES & LERACH LLP
> JEFFREY D. LIGHT
> 401 B Street
> Suite 1700
> San Diego, CA  92101

DO NOT TELEPHONE THE COURT, AK STEEL OR ANY

DEFENDANT REGARDING THIS NOTICE.


DATED: _____, 2004      BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF OHIO
                                     WESTERN DIVISION

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\Exhiit-A1.doc