**EXHIBIT 1**
**Declaration of Carole K. Sylvester Re: A) Mailing of Notice of**
**Pendency and Proposed Settlement of Class Action and Proof of**
**Claim and Release Form; and B) Publication of Summary Notice**

LEARCH COUGHLIN STOIA
   & ROBBINS LLP
WILLIAM S. LERACH
HELEN J. HODGES
EDWARD P. DIETRICH
JEFFREY LIGHT
SCOTT H. SAHAM
TRICIA L. MCCORMICK
401 B Street, Suite 1700
San Diego, CA  92101
Telephone: 619/231-1058

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, | ) Lead Case No. C-1-00-320 ) (Consolidated with )   No. C-1-00-349) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| AK Steel Holding Corporation, et al., | ) Hearing Date: July 9, 2004 ) Time: 9:00 a.m. |
| Defendants. | ) Courtroom: The Honorable )       Herman J. Weber ) |

DECLARATION OF CAROLE K.SYLVESTER
RE: A) MAILING OF NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION AND PROOF OF CLAIM AND RELEASE FORM; AND B)
PUBLICATION OF SUMMARY NOTICE

I, Carole K. Sylvester, declare:

1.    I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Class Notice") and the Proof of Claim and Release (the "Proof of Claim"), and publication of the Summary Notice.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.    I am employed by Gilardi & Co. LLC ("Gilardi"), located at 1115 Magnolia Avenue, Larkspur, California. Gilardi was retained as the Claims Administrator in this matter.  As part of my duties, I oversaw the notice services Gilardi provided in accordance with the Order Preliminary Approving Settlement and Providing for Notice (the "Order") that has been filed by the Court in this matter.

3.    Gilardi prepared the Class Notice and Proof of Claim, and Summary Notice in the form approved by the Order. Gilardi obtained name and address information regarding potential Class Members from A.K. Steel Inc.'s transfer agent.  Gilardi also prepared return envelopes, printed with Gilardi's address, and W-9 instructions.

4.    True and correct copies of the Class Notice, Proof of Claim form, W-9 instructions and a self-addressed return envelope (collectively the "Class Notice and Claim Package") are attached hereto as Exhibit A.

Declaration of Carole K. Sylvester
Page 1 of 2

5. Envelopes addressed to each potential Class Member that contained the Class Notice and Claim Package were delivered to the United States Postal Service for mailing on April 26, 2004. We commenced the mailing of the Class Notice and Claim Packages on April 26, 2004 to 90 Class Members by first-class mail.

6. In response to correspondence or inquiries from potential Class Members and or nominees, we have caused to be mailed directly to potential Class Members or delivered in bulk to nominees an additional 31,881 Class Notice and Claim Packages. As of this date, we have mailed a total of 31,971 Class Notice and Claim Packages to potential Class Members.

7. On May 4, 2004, I caused the Summary Notice to be published in the national edition of Investor's Business Daily as supported by the declaration of publication attached hereto as Exhibits B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 16th day of June, 2004 at Larkspur, California.


_Carole K. Sylvester_

Carole K. Sylvester

Declaration of Carole K. Sylvester
Page 2 of 2

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) ) | Lead Case No. C-1-00-320 (Consolidated with No. C-1-00-349) |
| Plaintiffs, | ) ) ) | Judge Herman J. Weber |
| vs. | ) ) | |
| AK STEEL HOLDING CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AK STEEL HOLDING CORP. ("AK STEEL") DURING THE PERIOD FROM JULY 15, 1999 THROUGH JANUARY 25, 2000 (INCLUDING ALL PERSONS WHO HELD ARMCO INC. SHARES AS OF AUGUST 25, 1999 AND WERE THEREBY ENTITLED TO VOTE TO APPROVE THE MERGER WITH AK STEEL)

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE JULY 26, 2004.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Ohio, Western Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of this class action litigation, and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and the Litigation.

The proposed settlement creates a fund in the amount of $4,000,000 in cash and will include interest that accrues on the fund prior to distribution (the "Settlement Fund"). Based on Representative Plaintiff's Counsel's estimate of the number of shares entitled to participate in the settlement, and the anticipated number of claims to be submitted by Class Members, the average distribution per share would be approximately $0.08 before deduction of court-approved fees and expenses. However, your actual recovery from the fund will depend on a number of variables including the number of claimants, the number of shares you purchased, the expense of administering the claims process, and the timing of your purchases and sales, if any.

Representative Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Representative Plaintiff was to have prevailed on each claim asserted. The issues on which the parties disagree include (1) the appropriate economic model for determining the amount by which AK Steel common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which AK Steel common stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of AK Steel common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of AK Steel common stock at various times during the Class Period; (5) the extent to which the various matters that Representative Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of AK Steel common stock at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Representative Plaintiff alleged were omitted influenced (if at all) the trading price of AK Steel common stock at various times during the Class Period; and (7) whether the statements allegedly made or facts allegedly omitted were false, material or otherwise actionable under the federal securities laws.

The Representative Plaintiff believes that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants intended to assert that all or most of the losses of Class Members were caused by non-actionable market, industry or general economic factors. Defendants would also assert that they did not make any misleading statement or omit to disclose any material fact required to be disclosed and that throughout the Class Period the uncertainties and risks associated with AK Steel's business and financial condition were fully and adequately disclosed.

Representative Plaintiff's Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiff and the Members of the Class, nor have they been reimbursed for their out-of-pocket

# EXHIBIT A

expenditures. If the settlement is approved by the Court, counsel for the plaintiffs will apply to the Court for attorneys' fees of 25% of the settlement proceeds and reimbursement of out-of-pocket expenses not to exceed $290,000.00 to be paid from the settlement proceeds. If the amount requested by counsel is approved by the Court, the average cost per share would be $0.02. The average cost per share could vary depending on the number of shares for which claims are filed.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.

For further information regarding this settlement you may contact: Rick Nelson, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California, 92101, Telephone (619) 231-1058. Please do not call any representative of AK Steel or the Court.

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on July 9, 2004, at 9:00 a.m., before the Honorable Herman J. Weber, Senior United States District Judge, at the United States District Court, Southern District of Ohio, Western Division, Potter Stewart U.S. Courthouse, Room 801, 100 East Fifth Street, Cincinnati, Ohio 45202 (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the settlement consisting of $4,000,000 in cash plus accrued interest should be approved as fair, just, reasonable and adequate to Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, just, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II. DEFINITIONS USED IN THIS NOTICE

1. "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of AK Steel during the period from July 15, 1999 through January 25, 2000 (including all Persons who held Armco Inc. shares as of August 25, 1999 and were thereby entitled to vote to approve the merger with AK Steel). Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, representatives, heirs, controlling persons, successors, and predecessors-in-interest or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

2. "Class Period" means the period commencing on July 15, 1999 through and including January 25, 2000.

3. "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth above.

4. "Defendants" means AK Steel Holding Corporation ("AK Steel"), Armco Inc. ("Armco"), Richard M. Wardrop, Jr., James F. Will, James L. Wareham, James L. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang, and James A. Thomson.

5. "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

6. "Person" means an individual, natural person, corporation, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

7. "Plaintiffs' Settlement Counsel" or "Lead Counsel" mean Milberg Weiss Bershad Hynes & Lerach LLP, Helen J. Hodges, Jeffrey D. Light, 401 B Street, Suite 1700, San Diego, California, 92101, Telephone (619) 231-1058.

8. "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, including, without limitation, National Union, co-insurers, reinsurers, syndicate members, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

9. "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by Representative Plaintiff or any Class Member against the Released Persons arising out of, based upon or related to (1) the purchase or acquisition of AK Steel common stock by any Class Member during the Class Period; and/or (2) the ownership of Armco shares as of August 25, 1999 and the entitlement to vote to approve the merger with AK Steel; and (3) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, could or might have been alleged in the Litigation.

2

10. "Released Persons" means each and all of the Defendants and their Related Parties.

11. "Representative Plaintiff's Counsel" means counsel who have appeared for the Representative Plaintiff, any Class Member or the Class in the Litigation.

12. "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code §1542. The Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## III. THE LITIGATION

On or after April 19, 2000, the following actions were filed in the United States District Court for the Southern District of Ohio, Western Division: *Fidel v. AK Steel Holding Corp., et al.*, Civil Action No. C-1-00-320; and (2) *Shams v. AK Steel Holding Corp., et al.*, Civil Action No. C-1-00-349 (collectively, the "Litigation").

On June 14, 2000 the Court consolidated the two cases under the lead case *Fidel, et al. v. AK Steel Holding Corp., et al.*, and administratively terminated the *Shams v. AK Steel Holding Corp., et al.* action from the active docket of the Court. Thereafter the Court appointed Bernard Fidel and Ironwood Capital Management as Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 and approved the selection of Milberg Weiss Bershad Hynes & Lerach LLP as Lead Counsel and Strauss & Troy as Liaison Counsel.

The operative complaint is the Consolidated Amended Complaint for Violation of the Federal Securities Laws (the "Complaint").

## IV. CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel and Representative Plaintiff believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Counsel and Representative Plaintiff also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel and Representative Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the federal securities law claims asserted in the Litigation. Lead Counsel and Representative Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Counsel and Representative Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Representative Plaintiff and the Class.

## V. DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Representative Plaintiff in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, including Unknown Claims (as defined above), in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Representative Plaintiff and the Class have suffered damage, that the price of AK Steel common stock was artificially inflated by reasons of alleged misrepresentation, omission or other act by Defendants, or that the Representative Plaintiff or the Class were harmed by the conduct alleged in the Complaint. Defendants have further asserted and continue to assert that at all relevant times they acted in good faith and in a manner they reasonably believed to be in the best interests of AK

3

Steel and its shareholders. The officers and directors of Armco also assert that at all times they acted in the best interests of Armco and its shareholders until Armco was officially merged with AK Steel.

Nonetheless, the Defendants have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI. TERMS OF THE PROPOSED SETTLEMENT

Defendants have paid or caused to be paid into an escrow account, pursuant to the terms of the Stipulation of Settlement dated as of March 26, 2004 (the "Stipulation"), cash in the amount of $4,000,000 which has been earning and will continue to earn interest for the benefit of the Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to counsel for Representative Plaintiff as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim forms.

## VII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in AK Steel common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Settlement Counsel have consulted with their damage experts and the Plan of Allocation reflects an assessment of the damages that could have been recovered as well as Lead Counsel's assessment of the likelihood of establishing liability for various periods during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in AK Steel common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

A claim will be calculated as follows:

1.  For shares of AK Steel Holding Corporation common stock that were **purchased or otherwise acquired between July 15, 1999 through January 25, 2000**, and

(a) sold prior to January 26, 2000, the claim per share is the difference between the purchase price less the sales price;

(b) retained at the end of January 25, 2000, the claim per share is the difference between the purchase price less $12.375 (January 26, 2000 closing price).

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in AK Steel common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of shares which have been matched against shares held at the beginning of the Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

4

## VIII. ORDER CERTIFYING A CLASS

On March 30, 2004, the Court certified a Class (defined above at Section II.1) for settlement purposes only.

## IX. PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you will be bound by any judgment entered with respect to the settlement in the Litigation whether or not you file a Proof of Claim. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release form must be postmarked on or before July 26, 2004, and delivered to the Claims Administrator at *AK Steel Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## X. EXCLUSION FROM THE CLASS

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Settlement Class to:

AK Steel Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases, acquisitions, and sales of AK Steel common stock made during the Class Period, including the dates of each purchase, acquisition, or sale and the number of shares of AK Steel common stock purchased, acquired or sold and the price paid or received per share for each purchase or sale; and (3) that you wish to be excluded from the Class. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE JUNE 4, 2004. If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## XI. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Judgment will provide that all Class Members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Class have such claims) against all Released Persons.

## XII. APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 25% of the Settlement Fund, plus reimbursement of the expenses not to exceed $290,000.00, which were advanced in connection with the Litigation, plus interest thereon.

To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiff and the Members of the Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XIII. CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of November 18, 2003.

## XIV. THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who does not validly and timely request to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, the adequacy of representation by Lead Counsel, or the application for attorneys'

fees, costs and expenses, may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is received on or before June 28, 2004, by:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

| | | |
|---|---|---|
| MILBERG WEISS BERSHAD HYNES & LERACH LLP JEFFREY D. LIGHT 401 B Street, Suite 1700 San Diego, CA 92101 | WEIL, GOTSHAL & MANGES JOSEPH S. ALLERHAND JOHN A. NEUWIRTH 767 Fifth Avenue New York, NY 10153-0119 | JANIK & DORMAN LLP BRIAN T. MCELROY 9200 South Hill Boulevard Suite 300 Cleveland, OH 44147-3521 |
| *Lead Counsel for Plaintiffs* | *Counsel for all Defendants Except James F. Will* | *Counsel for James F. Will* |

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of AK Steel common stock purchased or acquired and sold during the Class Period, and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV.  SPECIAL NOTICE TO NOMINEES

If you hold or held any AK Steel common stock purchased or otherwise acquired during the Class Period or held Armco shares as of August 25, 1999 and were thereby entitled to vote to approve the Merger with AK Steel as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

AK Steel Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

## XVI.  EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Southern District of Ohio, Western Division, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202.

If you have any questions about the settlement of the Litigation, you may contact Plaintiffs' Settlement Counsel by writing:

MILBERG WEISS BERSHAD
HYNES & LERACH LLP
JEFFREY D. LIGHT
401 B Street
Suite 1700
San Diego, CA 92101

**DO NOT TELEPHONE THE COURT, AK STEEL OR ANY DEFENDANT REGARDING THIS NOTICE.**

DATED: March 30, 2004

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All Others Similarly Situated, | ) Lead Case No. C-1-00-320 |
| | ) (Consolidated with No. C-1-00-349) |
| Plaintiffs, | ) |
| vs. | ) Judge Herman J. Weber |
| | ) |
| AK STEEL HOLDING CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## PROOF OF CLAIM AND RELEASE

TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AK STEEL HOLDING CORP. ("AK STEEL") DURING THE PERIOD FROM JULY 15, 1999 THROUGH JANUARY 25, 2000 (INCLUDING ALL PERSONS WHO HELD ARMCO INC. SHARES AS OF AUGUST 25, 1999 AND WERE THEREBY ENTITLED TO VOTE TO APPROVE THE MERGER WITH AK STEEL)

### I. GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled *Fidel, et al. v. AK Steel Holding Corp., et al.*, Lead Case No. C-1-00-320 (consolidated with C-1-00-349) you must complete and, on page 6 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE JULY 26, 2004, ADDRESSED AS FOLLOWS:**

*AK Steel Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action), DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

### II. DEFINITIONS

1.    "Class" or "Settlement Class" mean all Persons who purchased or otherwise acquired the common stock of AK Steel during the period from July 15, 1999 through January 25, 2000 (including all Persons who held Armco Inc. shares as of August 25, 1999 and were thereby entitled to vote to approve the merger with AK Steel). Excluded from the Class are Defendants, members of the immediate families of the individual defendants, any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, representatives, heirs, controlling persons, successors, and predecessors-in-interest or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action enclosed.

2.    "Class Period" means the period commencing on July 15, 1999 through and including January 25, 2000.

3.    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth above.

4.  "Defendants" means AK Steel Holding Corporation ("AK Steel"), Armco Inc. ("Armco"), Richard M. Wardrop, Jr., James F. Will, James L. Wareham, James L. Wainscott, John G. Hritz, Allen Born, Bonnie G. Hill, Robert H. Jenkins, Lawrence A. Leser, Robert E. Northam, Cyrus Tang, and James A. Thomson.

5.  "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

6.  "Person" means an individual, natural person, corporation, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

7.  "Released Persons" means each and all of the Defendants and their Related Parties, as defined in Section VI.1 herein.

### III. CLAIMANT IDENTIFICATION

1.  If you purchased or otherwise acquired AK Steel common stock during the Class Period or held Armco shares as of August 25, 1999 and were entitled to vote to approve the merger with AK Steel and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired AK Steel common stock during the Class Period or held Armco shares as of August 25, 1999 and were entitled to vote to approve the merger with AK Steel and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.  Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of AK Steel common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE AK STEEL COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.  All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### IV. CLAIM FORM

1.  Use Part II of this form entitled "Schedule of Transactions in AK Steel Common Stock and Armco Inc." to supply all required details of your transaction(s) in AK Steel and Armco common stock. If you need more space or additional schedules, attach copies of that page as necessary. Sign and print or type your name on each additional sheet.

2.  On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of AK Steel common stock which took place at any time beginning July 15, 1999 through and including January 25, 2000, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.  List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.  The term "Purchase Price" means the amount paid for the securities (excluding commissions and transfer taxes) and the term "Sales Price" means the amount realized on the sale of the securities (net of commissions and transfer taxes). The date of the purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

5.  Broker confirmations or other documentation of your transactions in AK Steel common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.





Official
Office
Use
Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

*Fidel, et al. v. AK Steel Holding Corp., et al.*
Lead Case No. C-1-00-320
(Consolidated with No. C-1-00-349)

**Must be Postmarked
No Later Than:
July 26, 2004**

# AKST1

**PROOF OF CLAIM**

**Please Print in the Boxes Below**

**Do Not Use Red Ink, Pencil or Staples**

## PART I:  CLAIMANT IDENTIFICATION

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Beneficial Owner (If Claimant is Not an Individual)

Trustee/Custodian/Nominee

Account#/Fund# (Not Necessary for Individual Filers)

Trust/Pension Date

/          /

Social Security Number

-          -

or

Employer Identification Number

-

Telephone Number (work)

-          -

Telephone Number (home)

-          -

Email Address

## MAILING INFORMATION

Address

Address

City

State

Zip Code

-

Foreign Province

Foreign Zip Code

Foreign Country Abbreviation

For Claims
Processing only

PC          LS          BC1          DEF          LATE

3

A) Number of shares of AK Steel common stock held at the beginning of trading on July 15, 1999:

Proof of Holding Enclosed?
○ Y
○ N

B) Number of shares of Armco Inc. held on August 25, 1999:

○ Y
○ N

C) Number of shares of AK Steel acquired in the Armco Inc. merger on or about September 30, 1999:

○ Y
○ N

D) Purchases or Acquisitions (July 15, 1999 – January 25, 2000, inclusive) of AK Steel common stock:

PURCHASES

| Trade Date M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase Price To Nearest Whole Dollar Excluding Commissions | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1. / / | | $ | ○ Y ○ N |
| 2. / / | | $ | ○ Y ○ N |
| 3. / / | | $ | ○ Y ○ N |
| 4. / / | | $ | ○ Y ○ N |
| 5. / / | | $ | ○ Y ○ N |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

E) Sales (July 15, 1999 – January 25, 2000, inclusive) of AK Steel common stock:

SALES

| Trade Date M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price To Nearest Whole Dollar Net of Commissions | Proof of Sale Enclosed? |
|---|---|---|---|
| 1. / / | | $ | ○ Y ○ N |
| 2. / / | | $ | ○ Y ○ N |
| 3. / / | | $ | ○ Y ○ N |
| 4. / / | | $ | ○ Y ○ N |
| 5. / / | | $ | ○ Y ○ N |

F) Number of AK Steel common stock shares held at close of trading on January 25, 2000:

Proof of Holding Enclosed?
○ Y
○ N

If you require additional space, **attach copies of this page as necessary.** Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to support this claim if required to do so. I have not submitted any other claim covering the same purchases or acquisitions of AK Steel common stock during the Class Period or my holding of Armco stock as of August 25, 1999 and know of no other Person having done so on my behalf.

## VI. RELEASE

1. I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants, the Insurer and all other "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, including, without limitation, National Union, co-insurers, reinsurers, syndicate members, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant or a Defendant's family has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

2. "Released Claims" shall collectively mean any and all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could or might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by Representative Plaintiff or any Class Member against the Released Persons arising out of, based upon or related to (1) the purchase or acquisition of AK Steel common stock by any Class Member during the Class Period; and/or (2) the ownership of Armco shares as of August 25, 1999 and the entitlement to vote to approve the merger with AK Steel; and (3) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, could or might have been alleged in the Litigation.

3. "Unknown Claims" means any Released Claims which any of the Settling Parties and/or Related Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall each expressly and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settling Parties, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable and equivalent to California Civil Code §1542. The Settling Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in AK Steel common stock which occurred during the Class Period as well as the number of shares of AK Steel common stock held by me (us) at the close of trading on January 25, 2000 and the number of shares of Armco held as of August 25, 1999.

## SUBSTITUTE FORM W-9

### PART I Request for Taxpayer Identification Number ("TIN") and Certification

First Name

I. Last Name

Check appropriate box:

○ Individual/Sole Proprietor  ○ Corporation  ○ Partnership  ○ Trust  ○ IRA  ○ Pension Plan  ○ Other _____

Enter TIN on the appropriate line.

- For individuals, this is your Social Security Number ("SSN").
- For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
- For other entities, it is your EIN.

Social Security Number

or

Employer Identification Number

### PART II For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

### PART III Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.  The number shown on this form is my correct TIN; and

2.  I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because:  (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

### *SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied on this Proof of Claim form by the undersigned is true and correct.

Executed this _____ day of _____ in _____.
　　　　　　　　　　　　　　　　(Month/Year)　　　　　　　　　　　　　(City/State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

Proof of Authority to File Enclosed?　○ Y　○ N
*(See Instruction III.3)*

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and declaration.
2.  Remember to attach supporting documentation, if available.
3.  Do not send original stock certificates.
4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6.  If you move, please send us your new address.

## Purpose of Form

A person who is required to file an information return with the IRS must get your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**Use Form W-9 only if you are a U.S. person** (including a resident alien), to give your correct TIN to the person requesting it (the requester) and, when applicable, to:

**1.** Certify the TIN you are giving is correct (or you are waiting for a number to be issued),

**2.** Certify you are not subject to backup withholding, or

**3.** Claim exemption from backup withholding if you are a U.S. exempt payee.

**If you are a foreign person, use the appropriate Form W-8.** See Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Corporations.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**What is backup withholding?** Persons making certain payments to you must under certain conditions, withhold and pay to the IRS 31% of such payments under certain conditions. This is called "backup withholding." Payments that may be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

If you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return, payments you receive will not be subject to backup withholding. **Payments you receive will be subject to backup withholding if:**

**1.** You do not furnish your TIN to the requester, or

**2.** You do not certify your TIN when required (see the Part III instructions on page 2 for details), or

**3.** The IRS tells the requester that you furnished an incorrect TIN, or

**4.** The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

**5.** You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the Part II instructions and the separate **Instructions for the Requester of Form W-9.**

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

**Name.** If you are an individual, you must generally enter the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first and then circle the name of the person or entity whose number you enter in Part I of the form.

**Sole proprietor.** Enter your **individual** name as shown on your social security card on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name" line.

**Limited liability company (LLC).** If you are a single-member LLC (including a foreign LLC with a domestic owner) that is disregarded as an entity separate from its owner under Treasury regulations section 301.7701-3, **enter the owner's name on the "Name" line.** Enter the LLC's name on the "Business name" line.

**Caution:** *A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.*

**Other entities.** Enter your business name as shown on required Federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name" line.

### Part I—Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.**

If you are a **resident alien** and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see **How to get a TIN** below.

If you are a **sole proprietor** and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are an LLC that is **disregarded as an entity** separate from its owner (see *Limited liability company (LLC)* above), and are owned by an individual, enter your SSN (or "pre-LLC" EIN, if desired). If the owner of a disregarded LLC is a corporation, partnership, etc., enter the owner's EIN.

**Note:** *See the chart on this page for further clarification of name and TIN combinations.*

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get **Form SS-5,** Application for a Social Security Card, from your local Social Security Administration office. Get Form **W-7,** Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN or **Form SS-4,** Application for Employer Identification Number, to apply for an EIN. You can get Forms W-7 and SS-4 from the IRS by calling 1-800-TAX-FORM (1-800-829-3676) or from the IRS's Internet Web Site at **www.irs.gov.**

If you do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all

such payments until you provide your TIN to the requester.

**Note:** *Writing "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.*

### Part II—For U.S. Payees Exempt From Backup Withholding

Individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends. For more information on exempt payees, see the separate Instructions for the Requester of Form W-9.

If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding. Enter your correct TIN in Part I, write "Exempt" in Part II, and sign and date the form.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

### Part III—Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if items 1, 3, and 5 below indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required).

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item **2** in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified state tuition program payments, IRA or MSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

### Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to give your correct TIN to persons who must file information returns with the IRS to

report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA or MSA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. The IRS may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws.

You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 31% of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to a payer. Certain penalties may also apply.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| **1.** Individual | The individual |
| **2.** Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| **3.** Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| **4.** a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
|     b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| **5.** Sole proprietorship | The owner [3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| **6.** Sole proprietorship | The owner [3] |
| **7.** A valid trust, estate, or pension trust | Legal entity [4] |
| **8.** Corporate | The corporation |
| **9.** Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| **10.** Partnership | The partnership |
| **11.** A broker or registered nominee | The broker or nominee |
| **12.** Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name, but you may also enter your business or "DBA" name. You may use either your SSN or EIN (if you have one)

[4] List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** *If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.*

AK Steel Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

AKST1



AKST1

# EXHIBIT B

**Affidavit of Publication**

Name of Publication:      Investor's Business Daily
Address:                  12655 Beatrice Street
City, State, Zip:         Los Angeles, CA 90066
Phone #:                  310.448.6700
State of:                 California
County of:                Los Angeles

I, Betsy Fuller, for the publisher of Investor's Business Daily, published in the city of Los Angeles, state of California, county of Los Angeles hereby certify that the attached notice was printed in said publication on the following date(s):

May 4, 2004

Given under my hand, this 5th day of May, 2004.

Signature: _____

Sworn to and subscribed before me this ___5th___ day of May, 2004, by Betsy Fuller at Los Angeles,

state of California,

county of Los Angeles.

Notary Public: _Neather O'Ceun_____

My commission expires: _4/28/08_____

Seal:



HEATHER O'CONNOR
Commission # 1480041
Notary Public - California
Los Angeles County
My Comm. Expires Apr 28, 2008

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BERNARD FIDEL, et al., On Behalf of Themselves and All ) Others Similarly Situated, ) <br> Plaintiffs, ) <br> vs. ) <br> AK STEEL HOLDING CORPORATION, et al., ) <br> Defendants. ) | Lead Case No. C-1-00-320 <br> (Consolidated with No. C-1-00-349) <br><br> Judge Herman J. Weber <br><br><br> SUMMARY NOTICE |

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF AK STEEL HOLDING CORP. ("AK STEEL") DURING THE PERIOD FROM JULY 15, 1999 THROUGH JANUARY 25, 2000 (INCLUDING ALL PERSONS WHO HELD ARMCO, INC. SHARES AS OF AUGUST 25, 1999 AND WERE THEREBY ENTITLED TO VOTE TO APPROVE THE MERGER WITH AK STEEL)

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of Ohio, Western Division, that a hearing will be held on July 9, 2004, at 9:00 a.m., before the Honorable Herman J. Weber, Senior United States District Judge, at the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the sum of $4,000,000 in cash, plus accrued interest, should be approved by the Court as fair, just, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of March 26, 2004; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with this Litigation should be approved.

If you purchased or otherwise acquired the common stock of AK Steel during the period beginning July 15, 1999 through and including January 25, 2000 or held Armco shares as of August 25, 1999 and were entitled to vote to approve the merger with AK Steel, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to AK Steel Securities Litigation, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than July 26, 2004, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Litigation whether or not you make a claim.

All Members of the Class who do not request exclusion from the Class by June 4, 2004 will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

Any objection to the settlement must be mailed or delivered such that it is received no later than June 28, 2004 by:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

| | | |
|---|---|---|
| MILBERG WEISS BERSHAD <br> HYNES & LERACH LLP <br> JEFFREY D. LIGHT <br> 401 B Street, Suite 1700 <br> San Diego, CA 92101 | WEIL, GOTSHAL & MANGES <br> JOSEPH S. ALLERHAND <br> JOHN A. NEUWIRTH <br> 767 Fifth Avenue <br> New York, NY 10153-0119 | JANIK & DORMAN LLP <br> BRIAN T. MCELROY <br> 9200 South Hill Boulevard <br> Suite 300 <br> Cleveland, OH 44147-3521 |
| *Lead Counsel for Plaintiffs* | *Counsel for all Defendants* <br> *Except James F. Will* | *Counsel for James F. Will* |

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, AK STEEL OR ANY DEFENDANT REGARDING THIS NOTICE.

DATED: March 30, 2004

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.     That on June 23, 2004, declarant served the DECLARATION OF CAROLE K. SYLVESTER RE: A) MAILING OF NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND PROOF OF CLAIM AND RELEASE FORM; AND B) PUBLICATION OF SUMMARY NOTICE by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of June, 2004, at San Diego, California.

_____
DANELLE L. MCNERTNEY

AK STEEL (LEAD)
Service List - 6/22/2004   (200-139)
Page 1 of 1

## Counsel For Defendant(s)

David C. Horn
Adam P. Hall
Frost Brown Todd LLC
201 E. Fifth Street, Suite 2200
Cincinnati, OH 45202-4182
  513/651-6800
  513/651-6981 (Fax)

Andrew J. Dorman
William J. Muniak
Janik & Dorman
9200 South Hills Blvd., Suite 300
Cleveland, OH 44147-3521
  440/838-7600
  440/838-7601 (Fax)

John A. Neuwirth
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
  212/310-8000
  212/310-8007 (Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Helen J. Hodges
Tricia L. McCormick
Lerach Coughlin Stoia & Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
  619/231-1058
  619/231-7423 (Fax)

Richard S. Wayne
William K. Flynn
Strauss & Troy
Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
  513/621-2120
  513/629-9426 (Fax)