**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
KENNETH J. MURPHY

01 DEC 20 PM 4:01

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

|  |  |
|---|---|
| IN RE PROCTER & GAMBLE COMPANY SECURITIES LITIGATION | Civil Action No. C-1-00-190 (Weber, J.) |

## ORDER FOR FINAL JUDGMENT

This consolidated action came on for hearing before this Court on December 20, 2001, pursuant to the Order of this Court entered October 30, 2001 and by Agreed Amended Order entered on November 1, 2001 (the "Preliminary Approval Order"), and on the application of Plaintiffs and Defendants, The Procter & Gamble Company, Durk I. Jager and Clayton C. Daley for the approval of the Settlement of this action. Notice of Settlement Hearing was provided by mail and publication to Class Members as required by the Preliminary Approval Order. The Court having considered all evidence and submissions in the record and having heard from all interested parties, hereby finds and determines as follows:

1. The Preliminary Approval Order provides for the mailing of the Notice of Settlement Hearing, which, among other things, (i) describes the terms of the Stipulation of Settlement (the "Stipulation"); (ii) describes the certification of the Class consisting of all persons or entities who purchased shares of the common stock of P&G between January 25, 2000 and June 7, 2000, and who were damaged thereby, excluding the Defendants herein, their affiliates, any officers or directors of P&G and its affiliates, and any members of the immediate families of such officers and directors (the "Class"), and (iii) directed that the Notice be mailed to the members of the Class who can be identified from the records of P&G and that the Summary

Notice be published once in the national edition of <u>The Wall Street Journal</u>, the <u>International Herald Tribune</u> and <u>The Cincinnati Enquirer</u>.

2.  The Court hereby finds that the Notice was mailed, postage prepaid, to the following members of the Class on November 16, 2001 as follows: (i) all persons appearing on the stock records maintained by P&G as owner of the common stock of P&G as of January 31, 2000 and June 30, 2000; (ii) individuals who appeared on the transfer records reflecting purchases of P&G common stock during the Class Period, and (iii) all participants of The Depository Trust Company, The Midwest Securities Depository and the Philadelphia Securities Depository, who held positions in P&G common stock during the Class Period. Notices have also been sent to Class Members in response to requests submitted by nominees who held P&G common stock for beneficial owners of the stock. In addition, the Summary Notice was published in the national edition of <u>The Wall Street Journal</u>, the <u>International Herald Tribune</u> and <u>The Cincinnati Enquirer</u> on November 21, 2001. All members of the Class have, accordingly, been notified of the Court's hearing held on December 20, 2001, and have been afforded an opportunity to be heard with respect to final approval of the matters set forth in the Settlement Agreement.

3.  The Court hereby finds that the Notice which has been given is the best notice practicable under the circumstances, including individual notice to all members of the Class who can be identified through reasonable efforts. The notice given satisfies the requirements of due process and the Federal Rules of Civil Procedure.

4.  The terms and conditions of the Stipulation constitute a good faith compromise of disputed claims and defenses, and are the product of arm's length bargaining among and between Plaintiffs and Defendants.

5. The Court, having reviewed the Stipulation, the memoranda and affidavits submitted in connection herewith, and the arguments of counsel, finds the terms and conditions of the Stipulation to be fair, reasonable and adequate as to the members of the Class, and that all such terms are lawful, binding and enforceable with respect to Plaintiffs and Defendants, individually and in their representative capacities, including all persons or entities who are members of the Class.

6. No member of the Class has filed any written notice of intent to appear and object to the Settlement Agreement, as provided for in the Notice, one objector sent a letter to the Court objecting to Plaintiffs' Counsels' application for attorney fees and expenses, and no member of the Class appeared to make any such objection at the Settlement Hearing.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, pursuant to Federal Rule of Civil Procedure 23(c), and in accordance with the Stipulation identified above, excludes from the Class as certified herein those persons who have filed a timely request to be excluded from the Class, as listed on Exhibit A hereto. Any Class Member who received a copy of the written Notice of the Settlement on or after December 10, 2001 may timely request to be excluded from the Class provided such request is received on or before January 23, 2002. Any Class Member who has timely requested exclusion from the Class will thereafter be deemed to have revoked such exclusion by timely filing a Proof of Claim as set forth in the Notice.

2. The Court hereby grants final approval to the Stipulation and holds that the settlement of all claims among and between Plaintiffs and Defendants pursuant to and as described in the Stipulation is fair, reasonable and adequate and in accordance with the terms and provisions of the Stipulation.

3.  All claims asserted by Plaintiffs and the Class, arising out of the transactions described in the consolidated action or otherwise with respect to P&G common stock purchases during the Class Period, against P&G and any of its affiliates, subsidiaries, predecessors, successors, assigns, present and former agents, representatives, officers and directors and against the Individual Defendants, Durk I. Jager and Clayton C. Daley, and any of their personal representatives, heirs, administrators, executors, successors and assigns, individually and/or collectively, shall be and hereby are dismissed on the merits and without costs.

4.  Plaintiffs and the members of the Class individually and as a whole, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, officers, directors, agents, representatives, affiliates and subsidiaries, other than Class members who have opted out of this lawsuit, are hereby barred and enjoined from prosecuting any claims against P&G and its respective parents, affiliates, subsidiaries, predecessors, successors, assigns, present and former agents, representatives, officers and directors, and against Durk I. Jager and Clayton C. Daley, and any of their personal representatives, heirs, administrators, executors, successors and assigns individually and/or collectively, arising out of or relating to the subject matters of this consolidated action or otherwise with respect to the purchase of P&G common stock during the Class Period.

5.  The Court also approves the Plan of Allocation as fair, reasonable and adequate.

6.  Plaintiffs' counsel are awarded a total of $14,700,000.00 for their attorney fees and reimbursement of expenses which are to be paid out of the Settlement Fund, and should be paid in accordance with the terms of the Stipulation. Plaintiffs' attorneys fees and expenses shall be paid to Richard S. Wayne, Esq., Plaintiffs' Lead Counsel, to be distributed to other Plaintiffs' counsel. One-half of the total award shall be paid to Plaintiffs' Counsel on the Settlement

Effective Date, the balance of the award shall be paid upon the conclusion of the administration and distribution of the settlement fund *or as otherwise ordered by the Court.* (HJW)

7.  The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. In addition, based upon the record in this case, the independent analysis of the Court, the statements of counsel for the parties and upon all publicly available information, the Court finds that the Settlement satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995 and the Action is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8.  The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims") against any of the Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

SO ORDERED this 20th day of December, 2001.

                                              Herman J. Weber
                                              United States District Judge

45688.853.342761.5