**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT DAYTON)



| | |
|---|---|
| IN RE: NORD RESOURCES CORPORATION SECURITIES LITIGATION | X : : X   Consolidated Master File No. C-3-90-380 (Judge Walter H. Rice) |

# FINAL ORDER AND JUDGMENT

This consolidated action (the "Action") consists of the following class action lawsuits: (a) <u>Mayer Ballas v. Nord Resources Corporation, et al.</u>, Civil Action No. C-3-90-380; (b) <u>Sidney Schindler v. Nord Resources Corporation, et al.</u>, Civil Action No. C-3-90-391; (c) <u>Nicholas J. Donohue v. Nord Resources Corporation, et al.</u>, Civil Action No. C-3-90-409; and (d) <u>Ludwig L. Schwarzchild, et al. v. Nord Resources Corporation, et al.</u>, Civil Action No. C-3-90-410. The Action was brought by the named Plaintiffs Mayer Ballas, Sidney Schindler, Nicholas J. Donohoe, Ludwig L. Schwarzchild, Larry Eugene Lewis, Eli Ballan, and Stephen and Nanci Goldman (collectively "Plaintiffs") against Defendants Nord Resources Corporation, Dr. Edgar F. Cruft, Richard L. Steinberger, Leonard Lichter, Terence H. Lang, Harrison A. Schmitt and Karl A. Frydryk (collectively "Defendants").

Pursuant to a Stipulation and Agreement of Compromise and Settlement (the "Stipulation") dated as of February 1, 1994, Plain-

tiffs acting on behalf of themselves and the Class, have entered into a Settlement with the Defendants and have applied to this Court for approval of the Settlement under the terms of the Stipulation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

On February 22, 1994 an Order Granting Preliminary Approval of Class Action Settlement, Approving Notice to the Class, and Setting a Notice Hearing Date was entered by this Court directing that notice be given to the Class of the proposed Settlement and of a hearing to determine whether the proposed Stipulation and Settlement should be approved as fair, adequate and reasonable, to determine whether the settlement fund having a value of $4,750,000, together with other benefits, should be approved as fair and reasonable, to fix fees, costs and expense reimbursements of Plaintiffs' counsel and to hear any objections to any of these matters. Such a hearing was held, as noticed, on April 14, 1994. Prior to the hearing, proof of the mailing and publication of the notice, as directed in said Order, was presented and filed. Members of the Class were given the opportunity to submit Requests for Exclusion from the Class so long as they were received by the Court on or before April 8, 1994. To date, there have been no requests for exclusion. Members of the Class were also notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement and application for an award of

attorneys' fees and reimbursement of expenses. No objections were filed challenging the settlement or plaintiffs' counsels' request for attorneys' fees or reimbursement of expenses.

The Court having heard from Richard S. Wayne, Esq. of Strauss & Troy, Co-Lead Counsel, on behalf of Plaintiffs and the Class, and Charles J. Faruki, Esq. of Faruki, Gilliam & Ireland, Robert W. Gottlieb, Esq. and Bruce Sabados, Esq. of Rosenman & Colin on behalf of the Defendants, and having reviewed all of the submissions presented with respect to the proposed Settlement, and the Court having determined that the Settlement is fair, adequate and reasonable, it is hereby

## ORDERED, ADJUDGED AND DECREED THAT:

1. Notice to the Class, as required by Rule 23(e) of the Federal Rules of Civil Procedure, has been given in an adequate and sufficient manner, constituting the best notice practicable, complying in all respects with such Rule and due process, including, but not limited to, the forms of notice and the methods of identifying and giving notice to the members of the Class.

2. The members of the Class are defined as: all persons (except Defendants, subsidiaries, affiliates, officers, and directors of Nord Resources Corporation, and their heirs, and immediate family members of any individual Defendant, and successors and assigns of Defendants) who purchased Nord common stock at

any time during the period from March 5, 1990 to August 14, 1990 inclusive (the "Class Period"). The Class additionally contains the following subclasses relating to the sale of certain securities by certain officers of Nord during the following subclass periods: (i) those who purchased Nord common stock from July 9, 1990 to July 16, 1990; and (ii) those who purchased Nord common stock from July 9, 1990 to July 12, 1990. Also excluded from the Class are all persons who timely filed a Request for Exclusion from the Class, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure.

       3. The proposed Settlement (as provided for by the Stipulation) and Method of Allocation is in all respects fair, adequate, reasonable and in the best interests of the Class.

       4. The Stipulation, and the Settlement provided for therein, is approved in all respects and its entire contents. The parties to this Action are hereby authorized and directed to comply with and to consummate the Settlement of this Action in accordance with the terms of the Stipulation.

       5. Those persons who have requested exclusion from the Class shall not participate in the proceeds of the Settlement hereby approved nor receive any benefit thereunder.

       6. Plaintiffs and each and every Class member are permanently barred and enjoined from asserting against any of the Defendants identified in paragraph 1(r) of the Stipulation all claims, actions, suits, demands, rights, causes of actions,

liabilities, costs, expenses and attorneys' fees whatsoever (whether class, individual or other in nature), present or future, known or unknown, in law or in equity, which have or could have been asserted by the representative Plaintiffs and Class Members, (other than Class Members who timely request exclusion from the Class) against Defendants, any of their affiliates or associates, and any of their respective present or former directors, officers, employees, agents, attorneys, stockholders, investment bankers, investment advisors, commercial bankers, representatives, trustees, parents, subsidiaries, affiliates, heirs, executors, administrators, successors and assigns, or any of them, in connection with, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced or otherwise referred to in the Consolidated Complaint and those previous complaints which were consolidated in the Consolidated Complaint, including all claims for violations of federal or state, common or other law relating in any manner to their purchases or sales of Nord common stock during the Class Period.

7.  All claims, actions, suits, demands, rights, causes of action, liabilities, costs, expenses and attorneys' fees whatsoever (whether class, individual or other in nature), present or future, known or unknown, in law or in equity, which have or could have been asserted by the representative Plaintiffs and Class Members (other than Class Members who timely request exclusion from the Class), against Defendants, any of their affiliates or

associates, and any of their respective present or former directors, officers, employees, agents, attorneys, stockholders, investment bankers, investment advisors, commercial bankers, representatives, trustees, parents, subsidiaries, affiliates, heirs, executors, administrators, successors and assigns, or any of them, in connection with, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced or otherwise referred to in the Consolidated complaint and those previous complaints which were consolidated in this Consolidated Complaint, including all claims for violations of federal and state, common or other law relating in any manner to their purchases or sales of Nord common stock during the Class Period, are released and are forever discharged.

8. Except for an appeal from this Order, Plaintiffs and each and every Class member are permanently barred and enjoined from prosecuting any action in any jurisdiction against the Defendants or any of them based on any claims or causes of action arising out of or relating to the Settlement of the Action.

9. This Litigation is dismissed with prejudice on the merits and without award of court costs, in consideration of the establishment of the Settlement Fund, against all Defendants.

10. Without affecting the finality of this judgment, jurisdiction is hereby retained as to all matters related to administration and consummation of the Settlement hereby approved.

11. This Judgment shall be entered as to all Plaintiffs and all Class members.

Dated:   Dayton, Ohio
         April 28, 1994

                                        SO ORDERED,

                                        _____
                                        Honorable Walter H. Rice
                                        United States District Judge

Judgment entered this _____ day of April, 1994

_____
Clerk

15491.100.103322.1

-7-