**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK
00 DEC -5 PM 3:57
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| IN RE FUTURE HEALTHCARE SECURITIES LITIGATION | ) CONSOLIDATED MASTER FILE<br>) NO. C-1-95-180<br>) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) Judge Sandra S. Beckwith<br>) Magistrate Jack Sherman, Jr. |

## ORDER AND FINAL JUDGMENT WITH RESPECT TO PRICE WATERHOUSE LLP

On the 28th day of November, 2000, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement With Price Waterhouse LLP dated September 12, 2000 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the PW Settlement Class against Price Waterhouse LLP, now known as PricewaterhouseCoopers LLP (the "Settling Defendant"), in the Complaint now pending in this Court under the above caption, including the release of the Settling Defendant and the PW Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint as against the Settling Defendant only on the merits and with prejudice as against all persons or entities who are members of the PW Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the PW Settlement Class; and (4) whether and in what amount to award counsel for Plaintiffs and the PW Settlement Class fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who

purchased shares of the common stock of Future HealthCare, Inc. ("FHC") between March 30, 1994 through March 13, 1995 (the "PW Settlement Class Period"), except those persons or entities excluded from the definition of the PW Settlement Class, as shown by the records of FHC's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members and the Settling Defendant.

2. The Court finds that, for the purposes of the Settlement only, the prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied in that: (a) the number of PW Settlement Class Members is sufficiently numerous that joinder of all members thereof for purposes of this Settlement is impracticable; (b) there are questions of law and fact common to the PW Settlement Class; (c) the claims of Class Representative, John Dovich, are typical of the claims of the PW Settlement Class he seeks to represent; (d) Plaintiffs and the Class Representative have and will fairly and adequately represent the interests of the PW Settlement Class; (e) the questions of law and fact common to the members of the PW Settlement Class predominate over any questions affecting only individual members of the PW Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient resolution of the controversy through settlement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as against Settling Defendant as a class action on behalf of all persons who purchased shares of the common stock of Future HealthCare, Inc. ("FHC") between March 30, 1994 through March 13, 1995, inclusive (the "PW Settlement Class Period"). Excluded from the PW Settlement Class are the Defendants, their affiliates, any officers or directors of FHC or its affiliates, and any members of the immediate families of such officers and directors. Also excluded from the PW Settlement Class are the persons and/or entities who requested exclusion from the PW Settlement Class as listed on Exhibit A annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the Settlement and its terms and conditions met the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement Stipulation is approved as fair, reasonable and adequate, and the PW Settlement Class Members and the parties are directed to consummate the Settlement Stipulation in accordance with its terms and provisions.

6. The Complaint as against the Settling Defendant, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Settlement Stipulation, as against the Settling Defendant, its past or present subsidiaries, parents, affiliates, partners, successors and predecessors, officers, directors, shareholders, partners, principals, insurers, reinsurers, agents, employees, attorneys,

advisors, investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which the Settling Defendant has a controlling interest or which is related to or affiliated with the Settling Defendant, and the legal representatives, heirs, successors in interest, or assigns of the Settling Defendant. The Complaint is not dismissed as against any other defendant named therein.

7. Members of the PW Settlement Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by the PW Settlement Class Members or any of them or the successors and assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the PW Released Parties (as defined below) which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Amended Complaint relating to the purchase of shares of the common stock of FHC during the PW Settlement Class Period (the "Settled Claims") against the Settling Defendant, its past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, partners, principals, agents, employees, attorneys, advisors, investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which the Settling Defendant has a controlling interest or which is related to or affiliated with the Settling Defendant, and the legal representatives, heirs, successors in interest, or assigns of the Settling Defendant (the "PW Released Parties"). The Settled Claims are hereby compromised, settled,

released, discharged and dismissed as against the PW Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

   8. The Court hereby permanently bars and enjoins any other person or entity who may be jointly and severally liable to Plaintiffs and/or the PW Settlement Class (or any person or entity other than any of the PW Released Parties) from asserting any action (including any claim arising out of the Complaint or any other pleadings filed in the Action, or any claim for contribution or equitable indemnity, by which such person or entity attempts to recover losses arising out of claims made by Plaintiffs on behalf of themselves or any member of the PW Settlement Class) against the Settling Defendant or the PW Released Parties.

   9. The Settling Defendant and its successors and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendant's Claims against any of the Plaintiffs, PW Settlement Class Members or their attorneys. The Settled Defendant's Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

   10. Neither this Judgment, the Settlement Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

   (a) offered or received against the Settling Defendant or against the Plaintiffs or the PW Settlement Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Settling Defendant or by any of the Plaintiffs or the PW Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation,

or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Settling Defendant;

(b) offered or received against the Settling Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Settling Defendant, or against the Plaintiffs and the PW Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the PW Settlement Class;

(c) offered or received against the Settling Defendant or against the Plaintiffs or the PW Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendant may refer to them to effectuate the liability protection granted to the Settling Defendant thereunder;

(d) construed against the Settling Defendant or the Plaintiffs and the PW Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the PW Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties to the Settlement Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Counsel for Plaintiffs and the PW Settlement Class are hereby awarded the sum of $1,916,600 in fees, which sum the Court finds to be fair and reasonable, and $750,000 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among counsel for Plaintiffs in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates counsel for the Plaintiffs for their respective contributions in the prosecution of the Action.

14. Exclusive jurisdiction is hereby retained over the parties and the PW Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the PW Settlement Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment With Respect To Price Waterhouse LLP and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: Cincinnati, Ohio
November 28, 2000

_____
SANDRA S. BECKWITH
UNITED STATES DISTRICT JUDGE