EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE:    STRUCTURAL DYNAMICS RESEARCH    :    Consolidated Master
          CORPORATION SECURITIES          :    File No. C-1-94-630
          LITIGATION                      :    (Weber, J.)

## FINAL JUDGMENT AND ORDER

(SETTLEMENT AGREEMENT/DISMISSAL OF
CLAIMS AS TO SETTLING DEFENDANTS)

This consolidated action came on for hearing before this Court
on March 22, 1996, pursuant to the Order of this Court dated
February 13, 1996 (the "February 13th Order"), and on the applica-
tion of the Plaintiffs and the Settling Defendants[1] for the
approval of the Settlement of this action.  Notice of Settlement
Hearing was provided by mail and publication to Class Members as
required by the February 13th Order.  The Court having considered
all evidence and submissions in the record and having heard from
all interested parties, hereby finds and determines as follows:

1.    The February 13th Order provides for the mailing of the
Notice of Settlement Hearing, which, among other things, (i) descr-
ibed the Settlement Agreements and Stipulations Between and Among
Plaintiffs and the Settling Defendants (the "Settlement Agree-
ments"), (ii) described the certification of the Class consisting
of all persons or entities who purchased shares of the common stock
of SDRC between February 3, 1992 and September 14, 1994 and who

---

[1]    The "Settling Defendants" are Structural Dynamics Research Corpora-
tion ("SDRC"), Ronald J. Friedsam, Ronald H. Hoffman, Albert F. Peter, Robert A.
Fischer, Gilbert R. Whitaker, Jr. and KPMG Peat Marwick LLP.



were damaged thereby, excluding the Defendants herein, their affiliates, any officers or directors of SDRC and its affiliates, and any members of the immediate families of such officers and directors (the "Class"), and (iii) directed that the Notice be mailed to the members of the Class who can be identified from the records of SDRC and that the Summary Notice be published once in the national edition of The Wall Street Journal.

2.    The Court hereby finds that the Notice was mailed, postage prepaid, to the following members of the Class on February 22, 1996, as follows: (i) all persons appearing on the stock records maintained by SDRC as owner of the common stock of SDRC as of February 3, 1992, September 14, 1994 and December 21, 1995; (ii) individuals that appeared on the transfer records reflecting purchases of SDRC common stock during the Class Period, and (iii) all participants of The Depository Trust Company, The Midwest Securities Depository and the Philadelphia Securities Depository, who held positions in SDRC common stock during the Class Period. Notices have also been sent to Class Members in response to requests submitted by nominees who held SDRC common stock for beneficial owners of the stock. In addition, the Summary Notice was published in the national edition of The Wall Street Journal on March 5, 1996. All members of the Class have, accordingly, been notified of the Court's hearing held on March 22, 1996, and have been afforded an opportunity to be heard with respect to final approval of the matters set forth in the Settlement Agreements.

3.    The Court hereby finds that the Notice which has been given is the best notice practicable under the circumstances, including individual notice to all members of the Class who can be identified through reasonable efforts. The notice given satisfies the requirements of due process and the Federal Rules of Civil Procedure.

4.    The terms and conditions of the Settlement Agreements constitute a good faith compromise of disputed claims and defenses, and are the product of arm's length bargaining among and between Plaintiffs and the Settling Defendants.

5.    The Court, having reviewed the Settlement Agreements, the Memorandum and affidavits submitted in connection therewith, and the arguments of counsel, finds the terms and conditions of the Settlement Agreements to be fair, reasonable and adequate as to the members of the Class, and that all such terms are lawful, binding and enforceable with respect to Plaintiffs and the Settling Defendants, individually and in their representative capacities, including all persons or entities who are members of the Class.

6.    No member of the Class has filed any written notice of intent to appear and object to the Settlement Agreements or to Plaintiffs' Counsels application for the payment of attorneys fees and expenses, as is provided for in the Notice, and no member of the Class appeared to make any such objection at the Settlement Hearing.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Court, pursuant to Federal Rule of Civil Procedure 23(c), and in accordance with the Settlement Agreements identified above, excludes from the Class as certified herein those persons who have filed a timely request to opt out of the Class and to be excluded from the Settlement, a list of whom has been filed with the Court.

2.    The Court hereby grants final approval to the Settlement Agreements and holds that the settlement of all claims among and between Plaintiffs and the Settling Defendants pursuant to and as described in the Settlement Agreements is fair, reasonable and adequate; and the common stock of SDRC to be issued by SDRC as part of the Settlement is exempt from registration pursuant to Section 3(a)(10) of the Securities Act of 1933.

3.    All claims asserted by Plaintiffs and the Class, arising out of the transactions described in the consolidated action, against SDRC and KPMG or any of their respective parents, affili-ates, subsidiaries, predecessors, successors, assigns, present and former officers, directors, partners, principals and employees (excepting Tony Tolani), against the Individual Defendants, Ronald J. Friedsam, Ronald H. Hoffman, Albert F. Peter, Robert A. Fischer and Gilbert R. Whitaker, Jr., and against certain Non-Defendant Directors of SDRC, William P. Conlin, Robert P. Henderson, Ted H. McCourtney and John E. McDowell, and any of their personal representatives, heirs, administrators, executors, successors and assigns, individually and/or collectively, shall be and hereby are

dismissed on the merits and without costs, as provided pursuant to the Settlement Agreements.

4.    The Plaintiffs and the members of the Class individually and as a whole, are hereby barred and enjoined from prosecuting any claims against SDRC and KPMG and their respective parents, affiliates, subsidiaries, predecessors, successors, assigns, present and former officers, directors, partners, principals, and employees (except Tony Tolani) and against Ronald J. Friedsam, Ronald H. Hoffman, Albert F. Peter, Robert A. Fischer, Gilbert R. Whitaker, Jr. and against certain Non-Defendant Directors of SDRC, William P. Conlin, Robert P. Henderson, Ted H. McCourtney and John E. McDowell, and any of their personal representatives, heirs, administrators, executors, successors and assigns individually and/or collectively, arising out of or relating to the subject matters of this consolidated action or otherwise with respect to the SDRC common stock or with respect to any other matter covered by the Settlement Agreements which are incorporated into this FINAL JUDGMENT and ORDER, by reference.

5.    The Settling SDRC Defendants and KPMG are hereby barred and enjoined from prosecuting any claims against each or any of the other, whether for contribution, indemnity or otherwise relating to violations of the federal securities laws and state common law and arising out of the consolidated action, provided, however, that neither KPMG nor the Settling SDRC Defendants shall release any independent claims for contribution or indemnity that any one of the other may have, including those that may be asserted in In Re:

<u>Structural Dynamics Research Corporation Derivative Litigation</u>,
Consolidated Case No. C-1-94-650 (U.S. District Court, S.D. Ohio)
(the "Derivative Action"), or in connection with any future
independent claims asserted against KPMG and/or any Settling SDRC
Defendant by parties other than the Plaintiffs in the consolidated
action.  This Release does not release any Settling SDRC Defendant
from any claim, demand or liability in the Derivative Action.

6.    The Court also approves the Plan of Allocation as fair,
reasonable and adequate.

7.    Plaintiffs' counsel are awarded attorney fees and
reimbursement of their out-of-pocket expenses in the amount of
$1,250,000.00 to be paid from the cash portion of the Settle-
ment Fund, and should be paid in accordance with the terms of the
Stipulations.  Plaintiffs' attorneys fees and expenses shall be
paid to Richard S. Wayne, Esq., Chairman of Plaintiffs' Executive
Committee, to be distributed to other Plaintiffs' counsel.

8.    The consolidated action shall be continued on the Court's
regular docket as to Defendant Tony Tolani.

9.    This Court expressly finds and determines that there is
no just reason for delay in the entry of this Final Judgment and
Order pursuant to Fed.R.Civ.P. 54(b), the Clerk of this Court is
hereby expressly ORDERED and DIRECTED to enter this Final Judgment
and Order pursuant to Fed.R.Civ.P. 54(b).

SO ORDERED this 22nd day of March, 1996.

_____
Herman J. Weber
United States District Judge