**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE CINCINNATI MICROWAVE, INC. : CONSOLIDATED MASTER
SECURITIES LITIGATION            : FILE NO. C-1-95-905
                                 : (Weber, J.)  C-1-95-910
                                                C-1-95-928
                                                C-1-95-967

## ORDER AND FINAL JUDGMENT

This consolidated class action came before this Court on March 21, 1997, pursuant to the Order of this Court dated January 21, 1997 (the "Preliminary Order"), granting preliminary approval to a proposed settlement of this litigation and further pursuant to an application of the Plaintiffs and Defendants[1] to determine: 1) whether the terms and conditions of a Stipulation of Settlement dated January 21, 1997 (the "Settlement Agreement"), including a release of the Defendants and other "Released Parties" who are specified in the Settlement Agreement are fair, reasonable and adequate for the settlement of all claims asserted against the Defendants by the Class in the Amended Complaint and thus should be approved as in the best interests of the Class; 2) whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of the Defendants as against all

---

[1] The "Defendants" are James L. Jaeger, Jacques A. Robinson, John W. Noland, Charles W. Fullgraf, Joseph M. O'Donnell, Gilbert L. Wachsman, Erika Williams, Roney & Co. and Montgomery Securities. Cincinnati Microwave, Inc. ("Microwave" or the "Company") is not a Defendant for the purpose of this Order and Final Judgment because on February 14, 1997 it filed for protection under Chapter 11 of the United States Bankruptcy Code. Plaintiffs have discussed with Microwave options for resolving its involvement in the litigation and a tentative agreement has been reached which will result in a final dismissal of the lawsuits as to the Company, subject to the approval of the U.S. Bankruptcy Court.

persons or entities who are members of the Class as defined in this Court's Order dated January 6, 1997, granting conditional class action certification and who have not requested exclusion therefrom; and 3) whether and in what amount counsel for Plaintiffs and the Class are entitled to an award of fees and reimbursement of expenses.

Having considered all evidence and submissions in the record and having heard from all interested parties; and, it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all reasonably identifiable persons or entities, who purchased common stock of Microwave during the Class Period (except those persons or entities excluded from the definition of the Class), as shown by the records of Microwave's stock transfer agent and records of Montgomery Securities and Roney & Co. at the respective addresses set forth in such records; and, it further appearing that a summary notice of the hearing substantially in the form approved by the Court was published in The Wall Street Journal pursuant to the specifications of the Court; and, having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and, all capitalized terms used herein having the same meaning as set forth and defined in the Settlement Agreement; the Court hereby finds as follows:

1.  The Notice which has been given is the best notice practicable under the circumstances, including individual notice to

all members of the Class who can be identified through reasonable efforts. The notice given satisfies the requirements of due process and the Federal Rules of Civil Procedure.

2. The terms and conditions of the Settlement Agreement constitute a good faith compromise of disputed claims and defenses, and are the product of arm's length bargaining among and between Plaintiffs and the Defendants.

3. The Court, having reviewed the Settlement Agreement, the Memorandum and affidavits submitted in connection therewith, and the arguments of counsel, finds the terms and conditions of the Settlement Agreement to be fair, reasonable and adequate and in the best interests of the members of the Class.

4. No member of the Class has filed any written notice of intent to appear and object to the Settlement Agreement or to Plaintiffs' Counsels application for the payment of attorneys fees and expenses, as is provided for in the Notice, and no member of the Class appeared to make any such objection at the Settlement Hearing.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED HEREBY AS FOLLOWS:

1. The Court, pursuant to Federal Rule of Civil Procedure 23(c), and in accordance with the Settlement Agreement identified above, excludes from the Class as previously certified herein those persons who have filed a timely request to opt out of the Class and

to be excluded from the Settlement, a list of whom has been filed with the Court.

2. The Settlement Agreement is approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the parties are directed to consummate the Settlement Agreement in accordance with its terms and provisions.

3. The Court further finds that the shares of common stock of Cincinnati Microwave which have been contributed to the Settlement by Mr. Jaeger have been issued in exchange for one or more bona fide outstanding claims and that the terms and conditions of such issuance and exchange are part of the Settlement provided for herein, which has been approved by the Court as fair, reasonable, and adequate and in the best interests of the Plaintiff Class. The Court further finds that the members of the Class to whom the Cincinnati Microwave shares are to be issued have received adequate notice of the hearing to approve the Settlement as noted herein and that such notice complies in all respects with the Federal Rules of Civil Procedure. Accordingly, this Court expressly finds that the Cincinnati Microwave stock contributed by Jaeger complies in all respects with the provisions of §3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(1), such securities are declared to be exempted securities and that, as a result, the provisions of the Securities Act of 1933, 15 U.S.C. §77a et seq., shall not apply to such securities.

4. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Settlement Agreement, as against any and all of the Defendants, their past or present officers, directors, shareholders, agents, employees, attorneys, advisors, investment advisors and bankers, accountants, insurers, coinsurers, reinsurers and their representatives, independent contractors, trustees, beneficiaries, parents, affiliates, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns of any of the foregoing.

5. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Claims against any of the Released Parties. The Settled Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) Construed as or deemed in any judicial, administrative, arbitration, or other type of proceedings, to be evidence of a presumption, concession, or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Complaint, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

(b) Offered or received in evidence in any judicial, administrative, arbitration or other type of proceeding for any purpose whatsoever, including, but not limited to, as a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report, or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Settlement Agreement; or

(c) Construed as a concession or an admission that the Class Representatives or the Class have suffered any damage; or

(d) Construed as or received in evidence as an admission, concession or presumption against the Class Representatives or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

7.  Plaintiffs' Counsel are hereby awarded the sum of $<ins>2,340,000.00</ins> in fees from the Cash Settlement Amount, which sum the Court finds to be fair and reasonable, and $<ins>65,368.57</ins> in reimbursement of expenses, plus interest at the same rate of interest earned by the Settlement Fund on those amounts from the date of this award until such fees and expenses are paid, which sum shall be paid to Plaintiffs' Co-Lead Counsel from the Cash Settlement Amount in accordance with the terms of the Stipulation of Settlement, and which sum shall include the award of $ <ins>2500</ins> to each of the Class Representatives<ins>, to be paid out of the award of attorney fees</ins>. Plaintiffs' Counsel are further hereby awarded <ins>30</ins> % of the Settlement Shares as fees, which percentage amount the Court finds to be fair and reasonable. The award of attorneys' fees shall be allocated among counsel for Plaintiffs and the Class in a fashion which, in the opinion of Co-Lead Class Counsel, fairly compensates counsel for the Plaintiffs and the Class for their respective contributions in the prosecution of the litigation.

8.  Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment.

9.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

10. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 21st day of March, 1997.

_____
Herman J. Weber
United States District Judge

45688.800.190734.1

-8-