**EXHIBIT F**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: VALLEY SYSTEMS SECURITIES LITIGATION ) ) ) ) | Master File No. 5:92CV2124 (Bell, J.) |

### FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before this Court for hearing, pursuant to the Order of this Court, dated March 16, 1994 on the application of the parties for approval of the Settlement set forth in the Stipulation of Compromise and Settlement, dated as of February 16, 1994 ("Stipulation") and due and adequate notice having been given to the Settlement Class defined below as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, it is this 16th day of May, 1994:

ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Settlement Class.

2. Pursuant to Rule 23, Fed.R.Civ.P., this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class defined as follows:

> "Settlement Class" means all persons (except those who file a valid, timely request for exclusion) who purchased the common stock of Valley Systems, Inc. ("Valley") between November 14, 1991 through and including October 12, 1992, except the defendants herein, members of their immediate families, any entity in which any defendant has a controlling interest, the legal representatives, heirs, successors, predecessors-in-interest or assigns of any excluded party, and officers, directors and affiliates of Valley or its subsidiaries. No person shall be excluded from the Settlement Class solely because Valley common stock was held of record for such person by such person's stockbroker or other entity.

3. Except as to any individual claim of those persons who validly and timely request exclusion from the Settlement Class, this Court hereby dismisses on the merits and with prejudice and without costs (except as otherwise provided in this Stipulation) the Class Action (as defined in Paragraph I. of the Stipulation) as against all of the Settling Defendants (as defined below).

4. For purposes of this Judgment the terms (i) "Settling Defendants" means Valley Systems, Inc., all of its affiliates, subsidiaries and divisions, and all of its present and former

officers, directors and employees, including, but not limited to, Eugene R. Valentine, Cynthia J. Valentine, Nicholas J. Pace, Richard M. Chapis, James C. Dukat, Ronald J. Kron, Allen O. Kinzer and John G. Redline; and (ii) "Underwriters" means those certain Underwriters at Lloyd's, London subscribing to Policy No. FD9210382 and Policy No. ZKD9100296 issued to Valley Systems, Inc. and all of their brokers, reinsurers, representatives, attorneys, directors, officers and employees.

5.  Upon the Effective Date hereof, each and every Settled Claim of each and every Settlement Class Member and the named plaintiffs are and shall be deemed to be conclusively released as against the Settling Defendants and the Underwriters. "Settled Claims" means any and all claims, actions, causes of action, rights or liabilities, known or unknown, which any of the Settlement Class Members or the named plaintiffs has or may have in the future against the Settling Defendants, arising out of or in any way connected with or related to the purchase of Valley stock during the period between November 14, 1991 through and including October 12, 1992 and any of the facts, circumstances, transactions, events, occurrences, acts or omissions or failures to act, which were alleged, or could have been alleged in the Class Action.

6.  All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Settled Claims against any of the Settling Defendants and the Underwriters.

7.  The notice given to the Settlement Class of the settlement set forth in the Stipulation and the other matters set forth

-3-

therein was the best possible notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

8. After a hearing upon the fairness of the terms and conditions of the issuance of the Settlement Stock, Settlement Warrants and the underlying shares of Valley common stock to be issued pursuant to the exercise of the Settlement Warrants, all as set forth more fully in the Stipulation, at which hearing all Settlement Class Members were entitled to appear, such terms and conditions of issuance are approved as fair, and such securities shall be exempt from registration pursuant to Section 3(a)(10) of the Securities Act of 1933.

9. The Joint Application of Plaintiffs' Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses is hereby granted. Counsel for plaintiffs, Strauss & Troy; Bernstein, Litowitz, Berger & Grossmann; Abbey & Ellis; Wolf Haldenstein Adler Freeman & Herz; Zwerling, Schachter & Zwerling; Weisman, Goldberg & Weisman; Kohrman, Jackson & Krantz; Law Offices of Edwin DaVila; and Schoengold & Sporn, are jointly awarded a total fee of __30__% of the Settlement Fund plus accrued interest on the cash portion of the

Settlement Fund. Strauss & Troy and Bernstein Litowitz Berger & Grossmann, Plaintiffs' Co-Lead Counsel, shall, in their combined sole discretion, determine the allocation of the fee award among all plaintiffs' counsel based on their respective contributions to the prosecution of the litigation. Payment will be made to all plaintiffs' counsel in accordance with the direction of Strauss & Troy and Bernstein, Litowitz, Berger & Grossman in accordance with the Stipulation of Settlement.

10. Plaintiffs' counsel are awarded $43,744.72 as reimbursement of their out-of-pocket litigation expenses incurred in connection with this litigation. Such payment shall be made from the cash portion of the Settlement Fund.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining application for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Class Action; and (d) all parties hereto for the purpose of enforcing and administering the Stipulation.

12. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be void.

-5-

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: _____
Deputy Clerk