EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---------------------------------x
IN RE: GIBSON GREETINGS          :   CONSOLIDATED MASTER FILE
SECURITIES LITIGATION II         :   NO. C-1-95-265 (WEBER, J.)
                                 :
---------------------------------x

### FINAL ORDER AND JUDGMENT

These consolidated matters came on for hearing before this Court on February 7, 1997, on the matters set forth in this Court' prior Preliminary Approval Order of December 4, 1996, and in the Mailed Notice and the Publication Notice. The Court having considered all evidence and submissions in the record and having heard from all interested parties, hereby finds and determines as follows:

1. By Orders dated December 2, 1996 and December 4, 1996, this Court, among other things (a) preliminarily approved the Settlement Stipulation Between and Among Plaintiffs and the Defendants (the "Settlement Agreement"), (b) certified a Class consisting of all persons who purchased shares of the common stock of Gibson Greetings, Inc. between August 17, 1994 and February 9, 1995 inclusive, but excluded from the class are the defendants, members of the immediate families of the individual defendants, any parent, subsidiary, affiliate, officer, director or employee of defendant Gibson, any person or entity controlled by any excluded person, and the legal representatives, heirs, successors and assigns of any excluded person (the "Class"), and (c) directed that the Notice be sent to the members of the class and that the Summary Notice be published once in the national edition of The Wall Street

Journal. The Court hereby finds that the notice was mailed, postage prepaid, to all members of the Class on December 13, 1996, and the Summary Notice was published in *The Wall Street Journal* (national edition) on December 20, 1996. All members of the Class have, accordingly, been notified of the Court's hearing held on February 7, 1997, and have been afforded an opportunity to be heard with respect to final approval of the matters set forth in the Settlement Agreement. The Notice which has been given is the best notice practicable under the circumstances, including individual notice to all members of the Class who can be identified through reasonable efforts. The notice given satisfies the requirements of the process and the Federal Rules of Civil Procedure.

2. The terms and conditions of the Settlement Agreement constitute a good faith compromise of disputed claims and defenses, and are the product of arm's-length bargaining among and between Plaintiffs and the Defendants.

3. The Court, having reviewed the terms and conditions of the Settlement Agreement, finds them to be fair, reasonable and adequate as to the members of the Class, and that all such terms are lawful, binding and enforceable with respect to Plaintiffs and the Defendants, individually and in their representative capacities, including all Class Members.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The terms of the Stipulation of Settlement dated December 4, 1996 are incorporated herein.

2. The Court, pursuant to Federal Rule of Civil Procedure 23(c), and in accordance with the Settlement Agreement identified above, excludes from the Class as certified herein those persons who have filed a timely request to opt out of the Class and to be excluded from the Settlement, a list of whom has been filed with the Court.

3. The Court hereby grants final approval to the Settlement Agreement and holds that the settlement of all claims among and between Plaintiffs and the Defendants pursuant to and as described in the Settlement Agreement is fair, reasonable and adequate.

4. All claims asserted against Gibson or its affiliates, subsidiaries, predecessors, successors, present and former officers, directors, partners, principals and employees individually and collectively by Plaintiffs and the Class Members, and against the individual Defendants, William L. Flaherty and Benjamin J. Sottile, or any one or more of them shall be, and hereby are, dismissed with prejudice and without costs pursuant to the Settlement Agreement.

5. The Plaintiffs and the Class Members individually and as a whole, are hereby barred and enjoined from prosecuting any claims against Gibson, William L. Flaherty and Benjamin J. Sottile, arising out of any acts, failures to act, omissions,

misrepresentations, facts, events, transactions or occurrences set forth or alleged in the Litigation or in any way related to the subject matter of the Litigation.

6. Plaintiffs' counsel are awarded attorney fees in the amount of $533,280.00 and reimbursement of their out-of-pocket expenses in the amount of $61,069.65, plus interest at the same rate of interest earned by on those amounts from the date of this award until such fees and expenses the settle fund are paid, and shall be paid in accordance with the terms of the Settlement Agreement, including the award of $2,000.00 to each of the Class Representatives. Plaintiffs' attorneys' fees and expenses shall be paid to Robert P. Frutkin, Esquire, Co-Lead Counsel for plaintiffs, to be distributed to plaintiffs' counsel.

7. This Court expressly finds and determines that there is no just reason for delay in the entry of this Final Judgment and Order pursuant to Fed.R.Civ.P. 54(b); the Clerk of this Court is hereby expressly ORDERED and DIRECTED to enter this Final Judgment and Order pursuant to Fed.R.Civ.P. 54(b).

8. This Court retains jurisdiction over the consummation of the Settlement set forth in the Stipulation of Settlement.

SO ORDERED this 7th day of February, 1997

Herman J. Weber
United States District Judge

s:\gibson.for

4